## VERRILL & *wife versus* INHABITANTS OF MINOT.

In a suit against a town for damage through a defect in the road, the plaintiff, with a view to account for the violence of his horse, may show that near the defect where the injury occurred, there was, in the road, another defect, which he had just passed, though without injury.

If a traveler's horse should, without the fault of the town, be running violently upon the road, it cannot be ruled, *as matter of law*, that the town is not responsible for an injury, sustained by the traveler, through a defect in the road, though it might not have occurred but for the furious running of the horse.

In such an action, bodily pain is a part of the injury for which damage may be recovered.

CASE, tried before HOWARD, J., for an injury sustained by the wife, through a defect in the highway.

It was a cross-road. In it was a hill about fifteen rods long. Two-thirds way down the hill there was a defect, extending two or three rods along the road. Then, for a short distance, the road was good, till it reached another defect, viz., a small gully, made by the running of water, diagonally across the road, about fifteen feet before coming to the foot of the hill.

Mrs. Verrill was riding down the hill alone, in a wagon. Just before reaching the first defect in the road, the horse started suddenly, and run furiously down the hill. Mrs. Verrill passed safely over the first defect, but at the second she was thrown out and badly injured.

The defendants' counsel objected to the admission of testimony, tending to show any other defect in the road than that by which the injury was occasioned; and also " requested the Judge to instruct the jury, that if the horse was running violently before and at the time of the accident, either with or against the will of the driver, and if that running was not occasioned by any fault or negligence of the defendants, the town could not be held liable in this action, even if the highway was defective, and though the injury would not have been sustained but for such defect.

" The Judge declined to give this instruction, and directed the jury, *that* if such running was caused by any fault of the

town, and if the highway was defective and occasioned the injury, the defendants would be liable; and *that*, if the horse had become uncontrollable, and was thus running without any fault of the driver, and not in consequence of any deficiency of the carriage, or the harness, or any vicious habit of the horse; and if the highway was defective, and the injury resulted from such defect, the defendants would be answerable."

The defendants' counsel further requested the Judge to instruct the jury, on the matter of damages, " that they could not make the mere bodily pain, occasioned by the injury to Mrs. Verrill, an item of damages."

The jury were instructed, that, in estimating the damages, the bodily pain suffered by Mrs. Verrill ought to be taken into consideration.

The verdict was for the plaintiffs and the defendants excepted.

In answer to specific inquiries, the jury returned, that the running of the horse was not occasioned by any fault of the town or by any fault in the driving, or any defect in the wagon or harnessing, or by vicious habits of the horse; but that the driver lost control of the horse by reason of a defect in the road.

*Willis* and *Fessenden* and *T. A. D. Fessenden*, for the defendants.

1. The evidence, showing the first defect, was improperly received, as Mrs. Verrill passed it in safety. It could only prejudice the jury. The jury found that the horse was on the run, without any fault of the town. The first defect then did no harm. It did not even incite the horse to run. Hence the proof of such a defect was inadmissible.

2. The driving was not with due care. A horse upon the run, without the fault of the road, cannot be said to be driven with due care. The special findings were inconsistent with each other. By those findings, the running, which caused the accident, was without fault of either party.

But the plaintiff must show there was fault in the town.

The horse was running in an extraordinary manner, against all prudence and without fault in the town. How then is the town responsible ? The requested instruction then ought to have been given. *Merrill* v. *Hampden,* 26 Maine, 240; *Adams* v. *Carlisle,* 21 Pick. 146.

3. The bodily pain was not a legitimate item of damage. There is no standard to compute by. The allowance of it arose from assimilating the suffering to that in slander. But slander is an intentional wrong. Not so here. The damages to be recovered include only those by which the plaintiffs' property is impaired. They do not extend to any exercise or endurance of the feelings.

*Woodman,* for plaintiffs.

WELLS, J., orally. —

1. The evidence objected to was properly received. It exhibited the character of the road, and might have explained the action of the horse. It might have shown him to be an unsuitable one for use. The first of the defects might have incited the horse to more violence.

2. The requested instruction was, that if, without fault of the town, the horse was running violently, the town are not responsible. That was not a question of law. Horses have different habits and are of different spirit and temper. The question was one of fact for the jury. The instruction was properly withheld.

3. The statute allows a recovery for "bodily injury." That is something else than loss of time and expenses. Pain is part of a bodily injury, inherent in it. Though difficult to admeasure and assess, the injured party is entitled to recover for it. It must be confided to the sound discretion of the jury.

4. It is said there was inconsistency in the findings of the jury. Possibly the jury had different times in view; one when the horse started, the other when the accident happened. But at any rate, those findings do not show any error in the instructions, or preclude a judgment on the verdict.

*Exceptions overruled.*