HANLON *v.* THE CITY OF KEOKUK.

In an action to recover damages for an injury occasioned by falling into an excavation of a street, in the night time, it is only necessary for the plaintiff to show that he exercised ordinary care to avoid the accident.

What is ordinary care in such cases, depends upon the circumstances of the case, and knowledge is one of those circumstances.

Where in an action against a city, for damages for an injury to the person of the plaintiff, by falling into an excavation made in the street, the court instructed the jury: That if the deep cut was known to the plaintiff before the accident befell him; and if he knew the place of his passage was in a dangerous condition, it was his duty to use extraordinary care and vigilance to prevent falling into the pit; *Held,* That the instruction was erroneous.

*Appeal from the Lee District Court.*

MONDAY, APRIL 4.

An action for damages, for an injury to the person of the plaintiff. In making improvements, and in grading the streets of the city of Keokuk, the authorities had caused a cut of some twenty-six feet deep to be made on Des Moines street, over which the plaintiff walked, in the night time of the 22d of January, 1857, receiving severe bodily injuries by means of his fall. It is alleged that there was no fence, railing, or other guard, along the precipice. After the plaintiff's testimony, tending to show negligence on the part of the defendant, the latter introduced evidence tending to show that the plaintiff knew of the excavation, as he boarded near the place.

At the request of the parties respectively, the court had given six different instructions, each of which carried the doctrine that the plaintiff was holden to the use of ordinary care and vigilance; and that, without this on his part, he could not recover. Then the court instructed the jury, that if the deep cut was known to the plaintiff, before the accident befell him; and if he knew the place of his passage was in a dangerous condition, it was his duty to use

extraordinary care and vigilance, to prevent his falling into the pit. The verdict was for the defendant, and the plaintiff appeals.

*Rankin, Miller & Enster,* for the appellant, cited 17 Ga., 136; Williams, (Vermt.) 443; 38 Maine, 443; 4 Zabriske, 268, 824.

*Turner & Craig,* for the appellee, relied upon the following authorities: Sedgwick on Dam., 93; 2 Stark. Ev. 741; *Smith* v *Smith,* 2 Pick., 621; 3 Barb.. 249; 8 Ib., 427; Sedgw. on Dam., 143; *Thompson* v. *The Inhab. of Bridgewater,* 7 Pick., 188; *Adams* v. *The Inhab. of Carlisle,* 21 Ib., 146; Sedgw. on Dam., 468; *Dyer* v. *Talcott,* 16 Ill., 300; *The Aurora B. R. R. Co.* v. *Grimes,* 13 Ib., 535; *Jacobs* v. *Duke,* 1 Smith, 271; 2 Hall, 151; 1 Cow., 78: 19 Wend., 400; 21 Ib., 615; 5 Hill, 285; 1 Denio, 99; 5 Ib., 256; 8 Barb., 368; *The President and Trustees of Mt. Vernon* v. *Dusonchett,* 2 Carter, 586; *Farnam* v. *The Town of Concord,* 2 N. Hamp., 392.

WOODWARD, J.—The error secondly assigned is, that the instructions are so contradictory as to confuse and mislead the jury. This discrepancy is immaterial to the plaintiff, if the instruction last given is correct, since the other six are in his favor. The only question is upon the correctness of that which requires extraordinary care on the part of the plaintiff.

It is unnecessary to refer to more or other authorities than those cited by counsel in their arguments. The instances are rare in which extraordinary care or dilligence are required. Perhaps they are limited to the case of a *commodatum,* or a loan without reward. It can scarcely be demanded, except where the obligation or duty is all upon one of the parties. In all the cases referred to by both of the counsel, ordinary care is the highest degree called for. The case of *The President and Trustees of Mt. Vernon* v. *Dusonchett et al.,* 2 Carter, 586, hardly commends itself to a

just moral sense. It was upon a demurrer to the declaration. This discloses that the plaintiffs' vessel was a wharf boat, "lying on the river," and not a vessel adapted to, or used in, navigation. It also states, that in consequence of the river falling with unusual rapidity, in the night time, the boat settled down upon the boiler and became injured. Yet the court say, if a person knows there is an obstruction in the street, and attempts to pass the place, &c., he has no reason to complain of the injury he receives—he takes the risk upon himself. Now, this is an incorrect view according to the declaration. The boat was not navigating—it did not attempt to pass. It settled down with the falling water. But suppose it to have been a running vessel, and approaching the town, and the commander knew there was such an obstruction somewhere on the wharf, must he not approach to land? Is he bound to keep off, and pass by? So stern a doctrine will hardly answer. The case of an obstruction in a street, may depend upon the question whether there are other ways of passage, or approach. There is nothing said upon this point in the case at bar.

What is ordinary care in a case of this nature, depends upon the circumstances, and knowledge is one of those circumstances. It is ordinary care for a person to walk moderately along a street or highway; but if he knew there was a deep ravine cut by the rain, or an excavation across it, or other obstacle, it would not be ordinary care to continue walking, even moderately. The true rule is, that ordinary care only is required in such a case, but that the circumstance of knowledge changes the application of this ordinary test.

The test of extraordinary care seems to throw the whole responsibility all on one side, and that the side of one who had no agency in causing the obstacle. Such a rule is manifestly unjust. Therefore, there was error in this instruction of the court. The judgment is reversed, and the cause remanded for a new trial.