## MANDERSCHID v. THE CITY OF DUBUQUE.

1. **Highway**: INJURY FROM DEFECT: ACTION. In order for a person to maintain an action for an injury occasioned by a defect in a highway whereon he is traveling, he must show not only that the highway was not safe, but that he at the time was exercising ordinary prudence and care.

2. —— WHERE ACCIDENT IS PRIMARY CAUSE OF INJURY. But the action may be maintained although the primary cause is an accident, as the breaking of the carriage or harness, the violent running away of the horses, or the like, if the accident occurred without the fault of the party.

3. —— APPLICATION OF THE RULE. In an action to recover damages against a municipal corporation for an injury to plaintiff's horse by reason of a defective bridge on one of the streets of the corporation, the petition, in substance, alleged that plaintiff was driving his team of horses and sleigh through the streets, when the horses, without the fault of plaintiff, became frightened and ran away, and being unmanageable, ran toward the bridge, throwing plaintiff out of the sleigh, and that in crossing the bridge one of the horses

Manderschid v. The City of Dubuque.

stepped through a hole negligently permitted therein by defendant, whereby the horse's leg was broken, etc. Due care and diligence on the part of plaintiff in driving his team was averred, and that the defect in the bridge was in the traveled roadway. *Held,* that the petition averred a cause of action, and that a demurrer thereto, on the ground that it showed that the horses were beyond the control of plaintiff, and that he was not exercising due care at the time of the injury, was improperly sustained.

*Appeal from Dubuque District Court.*

FRIDAY, JUNE 19.

ACTION to recover damages on account of an injury to plaintiff's horse by reason of a defective bridge, a part of a street of said city.

The petition alleges that plaintiff was driving his team of horses and sleigh through the streets of the city, when the horses became frightened and ran away, and, without the fault of plaintiff, becoming unmanageable, ran toward said bridge and threw plaintiff out of the sleigh, and in crossing said bridge one of the horses stepped through a hole negligently permitted, etc., by defendant, whereby its leg was broken, etc. The petition avers due care and diligence of plaintiff in driving his team, and that the defect in the bridge, whereby he sustained said loss, was in the traveled roadway, etc.

Defendant demurred to the ·petition because it shows that the horses were beyond the control of plaintiff, and that he was not exercising due care in their management at the time of the injury.

Demurrer sustained. Plaintiff appeals.

*S. P. Adams* and *W. Chandler* for the appellant.

*E. McCeney* for the appellee.

BECK, J.—Where one is injured, in person or property, by a defect of the highway whereon he is traveling, he

Manderschid v. The City of Dubuque.

1. HIGHWAY: cannot recover therefor unless he used such injury from defect: action. care as persons of common prudence exercise. In such a case the plaintiff must show, not only that the highway was not safe, but that he, at the time, was exercising ordinary prudence and care. If he was not, under the doctrine *in pari delicto*, he cannot maintain an action for the injury. 2 Hilliard on Torts, 403.

But the action may be supported although the primary cause is an accident, as the breaking of the carriage or harness, the violent running away of the horses, or the like, if the accident occurred without the fault of the party. 2 Hilliard, 404; *Palmer* v. *Inhabitants of Andover*, 2 Cush. 609; *Howard* v. *North Bridgewater*, 16 Pick. 189; *Kelsey* v. *Glover*, 15 Verm. 708; *Hunt* v. *Pownell*, 9 id. 411; *Foster* v. *Dixfield*, 6 Shep. 380; *Verrill* v. *Minott*, 31 Me. 299.

2. —— where accident is primary cause of injury.

In this case the primary cause of the injury was the fright and running away of the horses; if these had not happened, the injury would not have occurred. But it is averred in the petition, that they happened without fault of the plaintiff. The team becoming unmanageable, he was thrown from the sleigh; his care, prudence and exertion had no effect to prevent this primary accident. The horses thereby were placed beyond his control, and he was utterly unable to exercise any care over them which would have averted the injury. By the neglect of the defendant the bridge was in such a condition that it resulted in the loss of plaintiff's horse. Plaintiff at the time was guilty of no negligence. It is therefore not a case *in pari delicto*.

3. —— application of the rule.

But it is urged, that plaintiff was not at the moment of the injury actually exercising care and prudence. That is true, because, without his own fault, he was in a condition that rendered it impossible for him to use care.

The rule requires the exercise of care, skill and prudence only where it is possible.

If the injured party is in a condition that renders it impossible, it would be absurd to deny him redress because he did not do that which he could not do.

It will not be denied that horses and cattle may, under certain circumstances, be permitted in the highways without being under the immediate control of their owners. At certain seasons the law permits them to run at large. If, in crossing a bridge or in passing upon a highway, they are injured on account of the bad condition in which either should be negligently kept, could it with reason be claimed, that because no care was at the time exercised over them by the owner, therefore he could not recover from the party otherwise liable? Such a claim would be manifestly absurd, yet supported by the same reason as the defense in this case.

Suppose plaintiff had been with his team at the moment of the injury, and the uncontrollable condition of his horses prevented the exercise of any care; according to the doctrine contended for he could recover. We can see no difference between that case and the one made by the petition, where he was equally without fault, and effectually rendered powerless to exercise prudence and care by an accident which he was unable to avert. These views, it is believed, are supported by the authorities above cited, and especially by *Palmer* v. *The Inhabitants of Andover*, and *Howard* v. *North Bridgewater*.

In *Davis* v. *The Inhabitants of Dudley* (4 Allen, 557), the only authority cited by defendants, a contrary doctrine is recognized.

The error in this case is, we conceive, in extending the rule requiring care and prudence on the part of the person sustaining the injury, to cases where their exercise is impossible. The true foundation of the rule is believed

to be in the doctrine *in pari delicto*. If those whose duty it is to keep the highway in repair fail to do so, it will not justify persons traveling thereon in driving voluntarily or negligently into the pitfalls culpably left there. If they do so they must suffer the consequences of their foolish or careless acts, for they are equally guilty of negligence or wrong with those whose duty it is to repair the highway. But the case is very different where the traveler by an accident, or for other cause not under his control, becomes incapable of exercising care, and thereby falls into the pit negligently left. In the case last referred to it is held, that because the plaintiff could not exercise care over his horses, which had broken from his control, he could not recover.

Stated in other words, the rule of the case is this, the defendant is guilty of negligence; the plaintiff could not exercise care; because of these facts uniting, plaintiff sustains loss, therefore defendant is not liable; or, in other terms, as follows: The defendant negligently permits a pit in the highway; it was impossible for plaintiff to use care to keep his horses out of it, therefore defendant is not liable. The doctrine of the case seems to be against reason, and absurd in its result. The opinion attempts to reconcile *Palmer* v. *The Inhabitants of Andover* with the rule it recognizes, and disposes of *Howard* v. *North Bridgewater*, by the remark, that the case was decided on other grounds. This remark as to the last case appears to be true. The point was presented by the facts, but seems not to have been controverted by the defendant, and was recognized by the court. The effort to reconcile *Palmer* v. *The Inhabitants of Andover* with the doctrine of the decision, is more unsuccessful than the attempt to overthrow the authority of *Howard* v. *North Bridgewater*. In the first mentioned case, by an accident, the horses while descending a hill became detached from the car-

riage, which of its own momentum was propelled into a mill-pond with the plaintiff in it. It was claimed, that defendant was liable for the injury, because of neglect in not maintaining proper barriers between the road and pond. The opinion in *Davis* v. *Dudley* states, that, inasmuch as the plaintiff in the other case, up to the moment of the injury, was exercising care, on that ground defend ant was held liable.

We are unable to find such reason in the opinion of the court making the ruling. The following extract from the decision appears to embody the true rule: "It seems to us that where the loss is a combined result of an accident and of the defect in the road, and the damage would not have been sustained but for the defect, although the primary cause be a pure accident, yet, if there be no fault or negligence on the part of the plaintiff, if the accident be one which common prudence and sagacity could not have foreseen and provided against, the town is liable."

The court immediately adds: "This doctrine in no respect conflicts with the well settled rule requiring the plaintiff to use ordinary care and diligence, and that, without showing this, he cannot recover, though the road be defective, and the damage be occasioned by the combined effect of a defective road and want of care and skill in avoiding injury." This sentence is the foundation for the following remarks in *Davis* v. *Dudley:* "Up to the very moment of its occurrence (the injury) the plaintiffs continued to exercise due care. Otherwise they could not have maintained their action; for the court carefully and distinctly add to the statement of the principle of law relative to the effect of combined causes, that the doctrine laid down on the subject in no degree conflicts with the well settled rule requiring the plaintiff to use ordinary care and diligence, and without showing this

they could not recover." Now this criticism is just, if the court in *Palmer* v. *Andover* shall be understood to say that the plaintiff must be held to the exercise of care and diligence even though an accident, which is the primary cause of the injury, renders it impossible; that if the accident, which, combined with the defect in the road, produced the injury, was of such a character — so great, so effective in its results as to take from plaintiff power to act — if you please, to deprive him of consciousness, so that he was incapable of exercising care and diligence, the defendant is not liable. It cannot be that such is the court's meaning. In the words of the opinion, the plaintiff cannot recover "though the road be defective and the damage be occasioned by the combined effect of a defective road and want of skill in avoiding the injury."

To charge one with want of care and skill he must be capable of exercising these qualities. One cannot be charged with negligence who is unable to be careful and prudent. We presume, therefore, that the court uses the expression "want of care and skill," as applicable to one who has ability and opportunity to exercise care and skill, yet fails to do so. The opinion in *Davis* v. *Dudley* seems to regard it as equally applicable to one not present when the injury is sustained, or who is powerless to exercise care and skill, and herein, we think, is the error of the ruling in the case.

So far as the case at bar is concerned, let it be supposed that plaintiff had remained in the sleigh and exercised all the care he could over uncontrollable horses, upon any rational presumption could the injury have been averted?

It indeed seems that the reasoning which makes the plaintiff's right to recover depend upon the fact of his presence at the moment of the injury, even though he had no power to avert it, which in effect is the result of the doctrine of *Davis* v. *Dudley* as applied to this case, is

more ingenious than sound, practical and just in its results.

In the language of *Palmer* v. *Andover*, "It is the ordinary course of events, and consistent with a reasonable degree of prudence on the part of the traveler, that accidents will occur; horses may be frightened, the harness may break, a bolt or screw may be dropped. To guard against damage by such accidents, the law requires suitable railings and barriers, a proper width of road, and whatever may be reasonably required for the safety of the traveler." The wisdom of these remarks forcibly commend them to our approval.

We are of the opinion that the petition contained a sufficient statement of a cause of action, and that the demurrer should have been overruled.

Reversed.