59 763
79 206
59 763
88 619

## MUNGER v. THE CITY OF MARSHALLTOWN.

LIABILITY OF CITY TO REPAIR SIDEWALK: CONTRIBUTORY NEGLIGENCE.

*Appeal from Marshall Circuit Court.*

### WEDNESDAY, OCTOBER 18.

ACTION to recover for personal injuries sustained by plaintiff, from a fall, caused by a defective sidewalk, of the city. Judgment upon a verdict was rendered for plaintiff. Defendant appeals. The case has before been in this court. See 56 Iowa, 216.

*B. L. Burrett*, for appellant.

*Brown & Carney*, for appellee.

BECK, J.—I. Several objections have been made by plaintiffs' counsel to the abstract, on the ground that it does not sufficiently show the testimony upon which the case was tried, and that no exceptions were taken to the rulings of the court upon instructions to the jury. We think the abstract, in these respects, is sufficient, and the testimony and rulings of the court are properly presented therein. The objections demand no further attention.

II. The defendant makes divers objections to the rulings of the court below upon instructions given and refused, which we will proceed to consider as fully as they demand. The first and third instructions refused, relate to the care and diligence which defendant was required to exercise to keep the sidewalk in repair. They are substantially covered by the instructions given. It was not necessary to repeat the directions.

III. The second instruction was properly refused, for the reason that it holds, or would have been so understood, that the city was not required to repair its sidewalks when injury thereto was caused by teams and wagons. The instruction in this sense is apparently erroneous. The city is required to repair the sidewalks whatever may have been the cause of injury thereto. If the instruction will not bear the construction just given, it, in that case, simply states that the city was bound to keep the sidewalk in a reasonably safe condition. Instructions given announce this rule.

IV. The fifth and sixth instructions were properly refused, for the reason that they hold the plaintiff cannot recover if she knew the sidewalk was out of repair. If she had this knowledge, and exercised proper care while walking upon, it she is entitled to recover.

V. The second instruction given is complained of as being indefinite. We discover no force in the objection. It fairly states, as it was intended to state, the issues upon which the plaintiff is required to present a preponderance of proof.

VI. The fourth instruction given directs the jury that plaintiff was required to use ordinary care to discover defects in the walk. Counsel for de-

fendants insist that she must do more; exercise ordinardy care to avoid danger. This is true, and other instructions so direct the jury. It was not necessary that the court below should express all its thoughts in one instruction.

VII. The fifth instruction is subjected to criticism. It expresses the rule that if plaintiff was without negligence, and injury was caused by a defect in the sidewalk, negligently permitted by defendant, she is entitled to recover. The jury could not have understood, as claimed by counsel, the instruction as asserting that plaintiff was injured by the defendant negligently permitting a defect in the walk.

VIII. The verdict is sufficiently supported by the testimony.

AFFIRMED.