## Moss v. City of Burlington.

1. **Cities and Towns:** LIABILITY FOR CONDITION OF STREETS: RUNAWAY HORSE. Where plaintiff securely tied his horse to a post on a city street, the continuity of which was broken by a precipitous and impassable ravine, along which the city had erected no barriers, and plaintiff's horse, becoming frightened, broke loose and ran along the street and plunged down the precipice and was killed, *held* that the city was not liable to plaintiff for the damages by him sustained.

*Appeal from Des Moines Circuit Court.*

WEDNESDAY, MARCH 21.

THE plaintiff is a physician, a resident of the defendant, and brings this action to recover damages caused by a horse

and buggy being precipitated down a declivity in one of the streets of the city. It is stated in the petition that "Eighth Street is one of the prominent and much used streets in said city." Such street runs practically north and south from Division, across Market, to Valley Street. Between Division and Market streets there is a "precipice or broken declivity," beyond which, going north, Eighth Street is reasonably well improved. Between Market and Valley streets is another "precipice or broken declivity;" "said declivity being an unimproved portion of said street, and never opened to or improved for the use of the public; that in its present condition it is dangerous and impassable for man or beast." The petition states the ground of negligence on the part of the city to be, "that no monuments, barriers or railings of any kind, mark the end of the improved portion of said street at the brow of said precipice or abrupt declivity." The material portions of the petition were denied. There was a trial to the court, judgment for the plaintiff, and the defendant appeals.

*A. M. Antrobus*, for appellant.

*J. T. Illick*, for appellee.

SEEVERS, J.—This cause was submitted to the Circuit Court on an agreed statement of facts which is quite lengthy. The material facts may be briefly stated. The plaintiff tied his horse to a post on Eighth Street, south of Market, and went into a house to visit a patient. From some unknown cause the horse became frightened, broke the fastenings, and ran north on Eighth Street, across Market, and down the declivity between Market and Valley streets, and was killed. The buggy and harness were broken and greatly damaged. The city had failed to erect any barriers across Eighth Street, to warn or protect the public of the conceded fact that Eighth Street, between Market and Valley, was impassable, except by a stairway for foot passengers. It is not claimed that the

plaintiff was guilty of contributory negligence because of his failure to securely tie the horse to the post. As no damages were sustained because of the declivity between Division and Market streets, its existence is regarded as immaterial.

It will be assumed as to travelers that it was the duty of the city to erect barriers across Eighth street at the place where the accident occurred, and that any person traveling along said street in the day time under ordinary circumstances, who was injured by reason of the failure to erect barriers, and who was not guilty of contributory negligence, could recover the damages sustained because of such failure. It must be conceded, however, that a person traveling along said street under the circumstances just stated, who was injured, because he drove his horse over said declivity could not recover of the city, for the reason that he undoubtedly would be guilty of such contributory negligence as would prevent his so doing. The material and only question, therefore, is whether, when a person securely fastens his horse to a post in a street, and the horse breaks the fastening and runs away and is killed, because the city had failed to erect barriers as above stated, there can be a recovery, when, if the horse had been driven over the declivity by his owner, no recovery could be had for the damages sustained. This question must, we think, be answered in the negative; otherwise the recovery must be based on the fact that the horse ran away, and, for the time being, was beyond the control of his owner.

It is evident, we think, that the plaintiff is not entitled to recover simply because the horse had escaped from his control without his fault. The city must keep the streets in a reasonably passable condition for travelers, but it is not bound to keep its streets passable for horses which have escaped from the control of their owners. If the plaintiff had been driving the horse at the time it became frightened, it by no means follows that any injury would have occurred. It may be safely assumed, we think, that an intelligent hand would have guided the horse either up or down Market Street, or

have checked him before the declivity was reached. No adjudicated case to which our attention has been called goes as far as we must in order to sustain the ruling of the Circuit Court. In *Ward v. North Haven*, 43 Conn., 148, the only point determined was that the plaintiff might recover when he had hitched his horses on his own premises, and they became frightened, broke the fastening, and ran into and along the highway, and were injured. No question of defendant's negligence was even suggested.

In the case at bar, it must be borne in mind that the declivity down which the horses ran was impassable for "man or beast," unless it can be said to have been passable for the former by the stairway. It is, therefore, clear that if the plaintiff had driven down the declivity he would not have exercised ordinary care. This cannot be said as to the bridge in *Manderschid v. City of Dubuque*, 25 Iowa, 108, and *Same Case*, 29 Id., 73. There is nothing tending to show that the bridge was impassable, and that the plaintiff in the case just cited would have been negligent if he had made the attempt and drove over it.

In *Kennedy v. The Mayor*, 73 N. Y., 365, the complaint stated "that while the plaintiff was backing his cart for the purpose of loading the same with brick, his horse suddenly became unmanagable and backed off the dock into East River and was lost." The negligence of the defendant consisted in failing to have a "string piece on the dock." It was held there could be a recovery, "although the horse was not at the moment obedient to the will of the owner." The court distinguished the case from one where the horse had escaped from the control of the owner. So here we are not called on to determine what the rule would be where a horse became frightened while being driven along a street. In such case it may be safely assumed that the question to be determined would largely depend on the care the person injured was using at the time the accident occurred. *Davis v. Inhabitants of Dudley*, 4 Allen, 557. In *Brown v. Glasgow*, 57 Mo., 156,

it is said a city is not bound to "provide thoroughfares of such ample dimensions, and such matchless grade, that accidents from run away teams would be absolute impossibilities.

REVERSED.