Ross v. The City of Davenport.

1. **Instructions:** MUST BE CONSTRUED WITH REFERENCE TO CASE IN HAND. Where an instruction was correct as applied to the case on trial, and the jury could not reasonably have misapplied it, a reversal will not be granted because, as a general proposition, it might not correctly state the law.

2. **New Trial:** MISCONDUCT OF COUNSEL IN ARGUMENT: DISCRETION OF COURT. Where counsel fails to object at the time to improper statements made by opposing counsel in argument to the jury, and then asks for a new trial on that ground, the trial court is vested with a large discretion, and if it refuses or grants a new trial, this court will not interfere, unless it manifestly appears that such discretion has been abused.

3. **Practice in Supreme Court:** EVIDENCE TO SUPPORT VERDICT. The long established rule that a verdict will not be set aside in this court for want of evidence to sustain it, when the evidence is in conflict, adhered to in this case.

4. **Cities and Towns:** INJURY ON SIDEWALK: KNOWLEDGE OF DEFECT BY PEDESTRAIN: RECOVERY. One who sustains injury in the use of a sidewalk which he knows to be defective is not by that very fact guilty of such contributory negligence as will defeat his recovery against the city. *Hanlan v. Keokuk*, 7 Iowa, 488, and *Rice v. Des Moines*, 40 Id. 638, followed.

*Appeal from Scott Circuit Court.*

FRIDAY, JUNE 12.

ACTION to recover damages sustained by the plaintiff by reason of a defective cross-walk constructed and maintained by the appellant. Trial by jury, judgment for the plaintiff, and the defendant appeals.

*Fred Heinz* and *C. M. Waterman*, for appellant.

*Ellis, Murphy & Gould*, for appellee.

SEEVERS, J.—The plaintiff, about five o'clock in the morning, in November, 1883, was walking along Le Clare street, and, at its intersection with Fifth street, walked upon and along a cross-walk which the city had constructed across

Fifth street, and at the south end of the cross-walk he stepped off and fell into a gutter, and was thereby injured. It is conceded that the city was negligent in not providing a barrier at the south end of the cross-walk.

I. The court instructed the jury that "a municipal corporation is not an insurer of the lives of its citizens, and is not obliged to keep the sidewalks and crossings

**1. INSTRUCTIONS: must be construed with reference to case in hand.** absolutely safe, *but it is its duty to use ordinary care and skill to construct such sidewalks and crossings as will be reasonably safe for the use of travelers.* \* \* \* " The italicized portion of the instruction is said to be erroneous, because it imposes upon cities the positive duty of building sidewalks, and that it is required to construct sidewalks "upon every street that is open for public travel; and if any such street or part of a street is left unimproved in this respect, although it be safe for travel by pedestrians, the municipality is, nevertheless, negligent." If the instruction should be so construed, it will be conceded that it is erroneous. The controversy before the court was in relation to whether the city was negligent because it failed to properly construct and maintain the cross-walk in question. The plaintiff did not seek to recover because the city had failed to construct any other walk. The court evidently meant and had reference to that walk and no other; and the jury must have understood that, as the city had untertaken to construct such walk, it must have exercised in so doing ordinary skill and care.

It was immaterial whether there were any other walks than the one crossing Fifth street, and what the court said had reference alone to it. Conceding that the instruction is somewhat indefinite, we are satisfied the defendant was not in any manner prejudiced thereby, because the jury could not have understood that the plaintiff was entitled to recover if they found that the city had failed to construct and maintain other walks upon other streets, or had failed to do so in other portions of the same street.

II.   It is said that the motion for a new trial should have been sustained because of the misconduct of counsel for the plaintiff in the opening argument to the jury, in making appeals to the prejudices of the jury which were not warranted by and based on the evidence.   The argument was made in the presence and hearing of the judge and opposing counsel, and no objections were made thereto, and such remarks were replied to by counsel for the city.   The court on his own motion interrupted counsel for the plaintiff in his closing argument, and said to him that a certain line of argument was improper, and counsel thereupon ceased to urge it upon the consideration of the jury.

*2. NEW trial: misconduct of counsel in argument: discretion of court.*

When counsel failed to object and call attention of the court to the objectionable statements of counsel in the opening argument to the jury at the time, and then ask the court to grant a new trial on that ground, we think the court is vested with a large discretion, and if it refuses or grants the new trial we cannot and should not interfere unless it manifestly appears that such discretion has been abused.   Counsel in this case may have concluded to permit the objectionable statements to be made, and thereby avail themselves of an opportunity to reply, thinking that by so doing they would obtain an advantage which they otherwise would not have.   Now, the court heard what was said by counsel on both sides, and has concluded that the defendant was not prejudiced, and, as we do not have all the facts or arguments of counsel, we are unable to say that the discretion vested in the court has been abused.

III.   It is further insisted that the jury should have found that the plaintiff was guilty of contributory negligence, and that the verdict is not, in this respect, sustained by the evidence.   We do not understand counsel to claim that there was no evidence tending to show that the plaintiff was not guilty of contributory negligence, or that the court erred in submitting this question to

*3. PRACTICE in supreme court: evidence to support verdict.*

the jury, or that the instructions are erroneous. We therefore are unable to see why the rule which, without an exception, has for many years prevailed in this state, when there is evidence which tends to sustain the verdict, that this court cannot and will not say the court below erred in refusing to grant a new trial, should not be followed.

The cross-walk was constructed over a gutter, and it was not on a line with the sidewalks. The usually traveled route was over the cross-walk, and, by turning to the right a short distance before reaching the south end of the walk, the plaintiff could have reached the sidewalk, and thus the accident would have been avoided. At one time there had been a barrier at the south end of the cross-walk, but the plaintiff knew it was not there at the time of the accident.

It is said that the plaintiff was negligent in going upon the cross-walk, but we think, as that was the usually traveled route, that the jury were warranted in finding that this did not constitute negligence. He simply did what any person would have done who had knowledge of the facts. The jury were warranted in finding that the plaintiff intended to leave the cross-walk at the proper place, and pass along the sidewalk, and that the proximate cause of the accident was in his not doing so. Upon the assumption that the plaintiff was rightly on the cross-walk, it is said that he did not proceed as carefully as he should have done, and therefore the accident occurred. The plaintiff was about seventy years old, and, when walking, used a cane, and testified that it was "very dark and very cloudy,—very dark, indeed. * * * My attention was not in any way diverted. I walked deliberately and carefully, my usual gait, with my cane in my hand. It was so dark I had my cane and felt my way." From this evidence the jury might well conclude that the plaintiff used at least ordinary care, and was not negligent. It is true, the plaintiff, in another portion of his evidence, testified that he used the cane "to take the weight off my left leg." But conceding, as counsel does, that there was sufficient evidence to

require the court to submit the question of the contributory negligence of the plaintiff to the jury, we cannot say that it is without sufficient support to sustain the verdict. It was for the jury, under the circumstances, to say whether the plaintiff exercised ordinary care and caution. The knowledge that there was no barrier accross the sidewalk will not defeat his claim, if he was not guilty of negligence. *Hanlon v. Keokuk,* 7 Iowa, 488; *Rice v. Des Moines,* 40 Id., 638.

**4. CITIES and towns: injury on sidewalk: knowledge of defect by pedestrian: recovery.**

AFFIRMED.