## BYERLY v. THE CITY OF ANAMOSA.

1. **Defective Street:** NEGLIGENCE IN DRIVING ON: QUESTION FOR JURY. It is not *per se* negligence for a person to drive upon a street which he knows to be defective; but the question of negligence in such a case is one for the jury, to be determined from all the circumstances. (See opinion for citations.)

2. ————: LIABILITY OF CITY: ACCEPTANCE OF STREET BY ORDINANCE. Where a city by ordinance has required a street to be improved and sidewalks to be constructed thereon, and it has been used for a great many years as one of the principal thoroughfares of the city, the city is liable for an injury resulting from its negligence in caring for it, though it has never accepted the street by special ordinance. Section 527 of the Code, providing for the acceptance of streets by special ordinance, does not apply. (*Laughlin v. City of Washington*, 63 Iowa, 652, *distinguished.*)

3. ———: INJURY TO FRIGHTENED HORSE: PROXIMATE CAUSE. Where a horse driven by his owner on a city street became frightened and ran away, and went over an embankment which it was the duty of the city to protect by a railing, whereby it was killed, *held* that the negligence of the city in not providing the railing was the proximate cause of the injury, and that the city was liable. (See opinion for cases followed and distinguished.)

4. ———: LIABILITY OF CITY: ACCIDENT NOT FORESEEN. It is the duty of a city to take such care of its streets as is reasonably necessary for the security of travelers, and where it fails so to do, and in consequence an injury occurs, it cannot escape liability on the ground that an accident and injury of that particular kind could not be foreseen.

*Appeal from Jones District Court.*—HON. JAMES D. GIFFEN, Judge.

FILED, JANUARY 31, 1890.

ACTION to recover for injuries to plaintiff's horse and buggy, caused by the dangerous condition of a street in the defendant city upon which he was driving his horse and buggy. There was a judgment and verdict for plaintiff. Defendant appeals.

*Ezra Keeler,* for appellant.

*J. W. Jamison* and *M. W. Herrick,* for appellee.

BECK, J.—I. The plaintiff was driving on Main street, in the city of Anamosa, and desired to go from Davis to Williams street, which at this place is occupied by the track of the Chicago and Northwestern Railway. There was an engine standing on the street when plaintiff attempted to pass over this part of it, which, before he had reached Williams street, began moving. Main street, in this locality, had been filled five or six feet higher than the adjacent lots. There were no barriers or railings to prevent horses from going over the bank. Plaintiff's horse, which he was driving, became frightened at the moving engine, ran over the bank and was killed. The buggy and harness

were injured. The action is brought to recover for injuries to plaintiff's horse and buggy, caused by defendant's negligence in failing to erect and maintain barriers or railings along the street.

II. Counsel for the defendant now insist that the court below erred in not granting a new trial on the ground that the evidence is insufficient to support the verdict. The objection is based on the claim that the evidence shows contributory negligence on the part of plaintiff, for the reason that he knew the place was dangerous, and he saw the engine ready to move, before going upon this part of the street. But going upon the street with the knowledge of the existence of conditions rendering it dangerous is not *per se* evidence requiring the conclusion that plaintiff contributed to the injury. *Ross v. City of Davenport*, 66 Iowa, 548; *Walker v. Decatur County*, 67 Iowa, 307; *Munger v. City of Marshalltown*, 59 Iowa, 763; *Rice v. City of Des Moines*, 40 Iowa, 638; *Hanlon v. City of Keokuk*, 7 Iowa, 488. The contributory negligence on the part of plaintiff was a question for the jury. It cannot be said that their finding on this branch of the case is so without the support of the evidence that it ought to be set aside.

1. DEFECTIVE street: negligence in driving on: question for jury.

III. No dedication of the part of the street where the accident in question occurred had, as we understand the case, ever been accepted by any ordinance of the city council. Indeed, there appears never to have been a formal dedication thereof by the land-owners, other than opening the street for public travel, doing work upon it to fit it for such use, and the like. It appears that an old military road, existing, as we understand the abstract, before the town was platted, was at this point changed from the old line so as to occupy the locality where the accident occurred. It has been so occupied for a great many years. The filling and macadamizing were almost wholly done by the property-owners and the railway company. Little if any of the

2. ——: liability of city: acceptance of street by ordinance.

work was done by the city. But the city, by ordinance, required the adjacent land-owners to build sidewalks along the street at the locality in question. From the time of the occupation of the locality by the street it has been a part of a thoroughfare of the city, and traveled and used as all other streets of the city. Counsel for defendant insist that, as the city has not accepted the street in question by an ordinance duly passed, it cannot be regarded as a street which the city is under obligation to keep in repair. He bases this position upon a provision of the statute found in Code, section 527, in the following language : "No street or alley which shall hereafter be dedicated to public use by the proprietor of the ground in any city shall be deemed a public street or alley, or to be under the use or control of the city council, unless the dedication shall be accepted and confirmed by an ordinance especially passed for such purpose." It is not, and cannot be, claimed that a dedication by opening the street, and preparing it for the use of the public as above shown, is not sufficient, if accepted by the city, to make the street a public highway, and bind the city to keep it in repair as other streets. We are to determine whether the omission to accept the street by ordinance relieves the city of all liability for neglect to keep it in a safe condition. The statute in question is clearly intended to protect cities from liability and responsibility thrown upon them by land-owners in dedicating streets to public use without giving the city an opportunity to determine whether such streets are demanded by the public good and the wants of the citizens. In the absence of the statute, the city would be helpless to resist the designs of land-owners to make it liable for all streets they might dedicate, without regard to the public good or the wants of the people. But the statute does not forbid the city to assume control of, and use for the public, streets not dedicated, as in the case of purchase by the city, or to assume the use and control of streets dedicated by land-owners, without

the enactment of ordinances accepting the dedication. But it simply provides that, when dedication is made, upon the acceptance of such dedication the street shall be assumed to be a public way, under the use and con-- trol of the city.   See *Wisby v. Bonte*, 19 Ohio St. 238; *City of Waterloo v. Mill Co.*, 72 Iowa, 438.  The facts of this case distinguish it from *Laughlin v. City of Washington*, 63 Iowa, 652.   In this case the city, by ordinance, had required the street to be improved, and sidewalks to be constructed.   The street, at the partic- ular locality in question, was for a great many years used as one of the principal thoroughfares in the city. In the other case there was no recognition of the exist- ence, but only some uncompleted action of the city, begun with a view of determining whether the dedica- tion of the street should be accepted.   The use by the public of the street was inconsiderable, and for the brief space of two or three weeks only.   The court below, in the admission of evidence and in rulings on instructions, held in accord with these views.   Evidence was admitted tending to show the action of the city in recognizing the street by ordinance, and the exercising of control thereof, repairs made thereon, and long and very general use of the street as a public thoroughfare.   The instructions hold that these things, if found by the jury, would charge the city with liability for neglect in keeping the street in a safe condition.   These instructions, as well as the rulings on the admission of evidence referred to, are correct.

IV.   Counsel for defendant insist that the court erred in an instruction in which the defendant is held liable for injuries resulting from plaintiff's horse becoming unmanageable from fright, and in that condition running over the bank. *Moss v. City of Burlington*, 60 Iowa, 438, is cited in support of this position.   This case holds that when a horse, which the owner left tied to a post, became frightened, broke loose and ran down a bank, and was killed, the plaintiff could not recover.   In that case

3. ——: injury to frightened horse: proxi- mate cause.

the horse was not being driven by the owner, so that, if it were possible, he could have controlled it, and directed its course. He had left it tied to a post. The city was not liable for the insufficient fastening of the horse, or for its escape, through fright, from sufficient fastenings. The plaintiff's injury was caused by the escape of the horse. After it escaped it was free to go anywhere. In the case before us, plaintiff was attempting to exercise control of his horse. Had there been no defect in the street, the accident would not have happened; for there would have been no bank over which the horse could have run. It was simply the case of a runaway horse, and of injury resulting from defect or impediment in the street; and in this respect it is not different from *Manderschid v. City of Dubuque*, 25 Iowa, 108; *Fowler v. Town of Strawberry Hill*, 74 Iowa, 644; *Martin v. Town of Algona*, 40 Iowa, 390. See, especially, as applicable to the questions of defendant's liability, *Manderschid v. City of Dubuque*, *supra*, and cases therein cited.

V. The seventh instruction given to the jury is to the effect that the defendant was not absolutely required

4. ——: liability of city: accident not foreseen.

to maintain a railing upon the street in question. The duty to do so only arose in case it was reasonably necessary for the security of travelers, and a railing would have prevented the accident. Counsel for defendant insist that the instruction is erroneous, for the reason that it is not limited so that defendant would not have been liable for unforeseen accidents, and accidents arising from unmanageable horses. It is sufficient to say that it is impossible for either plaintiff or defendant to foresee all accidents which would arise in ordinary cases from defects in the highway. The combination of occurrences producing danger and injury cannot be foreseen by human intelligence. Indeed, accidents are usually unforeseen. But the fact could have been seen in this case that, by reason of the absence of a railing, the vehicle of the traveler on the street was exposed to

danger, upon the occurrence of almost infinite combinations of circumstances, of being driven or thrown over the bank. We have seen that the plaintiff is entitled to recover for injuries arising from the unmanageable horse. These considerations dispose of all questions in the case. The judgment of the district court is

AFFIRMED.