R. C. NOCKS, Appellee, v. THE INCORPORATED TOWN OF WHITING, Appellant.

**Defective streets:** INJURY TO AN ANIMAL AT LARGE: LIABILITY OF TOWN. A town is liable for the injury to a horse though running at large, caused by a defective street negligently permitted to remain out of repair.

*Appeal from Monona District Court.*— HON. G. W. WAKE- FIELD, Judge.

SATURDAY, JANUARY 14, 1905.

ACTION to recover damages for an accidental injury to a horse owned by plaintiff, the same having been occasioned, as alleged, by a defect in a street of the defendant town. From a verdict and judgment in favor of plaintiff, the defendant appeals.— *Affirmed.*

*C. E. Underhill* and *A. M. Bowen,* for appellant.

*H. A. Evans* and *S. D. Crary,* for appellee.

BISHOP, J.— The facts shown by the record, and taken most favorably to plaintiff, as we are authorized to do, make it appear that on the day in question a young horse owned by plaintiff, and kept usually in his stable abutting upon a public alley in the defendant town, managed to slip its halter and escape from the barn into the alley, and from thence into the street; that it ran up the street, being one of the main public streets in the town, and in doing so it stepped into a hole in the surface thereof, resulting in the accident

and injury complained of. The street was eighty feet in width, and, as testified to by some of the witnesses, the hole was eight or ten feet distant from the center of the street; that it was from six to eight inches in diameter, and from eighteen to twenty-four inches in depth; that it had been made there by the removal, several months before, of a post used to support a merry-go-round, which had been there operated by permission of the town authorities.

The court overruled a motion to instruct a verdict in favor of defendant, and submitted the case to the jury upon the theory that if negligence on the part of the defendant in respect of the condition and care of its street had been made to appear, and, further, that the plaintiff was not negligent in allowing his horse to escape from the barn and into the street, and that an injury occurred as alleged, the right on the part of the plaintiff to recover damages should be regarded as established. The correctness of the position thus assumed is challenged by the appellant, and this raises the only question necessary to be determined by us in disposing of the case.

That cities and towns are required to keep all streets and public places within their limits, and which are open for public use, free from dangerous obstructions and pitfalls, and in a condition of reasonable repair, is the unquestioned rule of law in this State. And the requirement is broad enough to cover not only the purposes of public travel, but any use to which the street may be subjected not in itself violative of any established rule of law, and hence improper and illegal. In other words, the duty of the city or town does not end when it has prepared a way over which those engaged in actual travel may pass with convenience and reasonable safety. Having control of the streets and public places, and such having been thrown open to the public use, it owes the further duty to protect users lawfully entering thereon from dangerous defects which in reason should not have been allowed to exist. The principle involved is that which ap-

plies to the case of an owner of private grounds who throws the same open to and invites a public use thereof. He may not create a dangerous condition therein, or knowingly continue a created danger, not obvious in its character, and escape liability for injuries resulting therefrom. *Haughey v. Hart,* 62 Iowa, 96; *Young v. Harvey,* 16 Ind. 314; *Hurd v. Lacy,* 93 Ala. 427 (9 South. Rep. 378, 30 Am. St. Rep. 61).

It is to be observed that in the instant case it is not made to appear that the herd law, forbidding animals to run at large, was in force in Monona county, nor does it appear that there was any ordinance of the defendant town on the subject. We have, then, the question whether an accident and injury to a horse, not a trespasser, but which has escaped momentarily from the control of its owner, and which accident occurs while the animal is running over and upon a public street, comes within the operation of the rule above referred to. There being no contributory negligence on the part of the owner, and assuming that the accident was one that might have occurred irrespective of the immediate control of the animal, we see no reason why the rule should not be given application and a recovery allowed. This conclusion, as we think, is expressly authorized by the holding in the case of *Manderschid v. Dubuque,* 25 Iowa, 108. In that case it appeared that a horse while being driven escaped from the control of its master, and ran away. While crossing a bridge it stepped into a hole negligently permitted in the floor thereof and was injured. The bridge was part of a public street in the defendant city, and a recovery was sustained. There can be no difference in principle between a case where a horse has momentarily escaped from its driver and the case of one momentarily escaping from the barn or inclosure of its owner. Counsel for appellant seem to think that the case of *Moss v. Burlington,* 60 Iowa, 438, is an authority to the contrary. We do not so regard it. In that case it appeared that a horse fastened to a post in the

street became frightened, broke the fastening, and ran away. At the end of the street there was a very steep declivity, and the horse went over this and was killed in the fall. It was said there could be no recovery, and this holding seems to have been put upon the ground that the declivity was an impassable one, and that " if the horse had been driven over the declivity by his owner no recovery could be had for the damages sustained." It is not improbable that a distinction between the duty of a city to improve its streets and the duty to keep them in repair entered into the consideration of the court, but it is not so stated in the opinion. The Manderschid Case is cited, and the doctrine there announced is not questioned. While the reasoning of the opinion in the Moss case is not in all respects satisfactory, we think that on the whole the construction placed upon it by counsel is not warranted.

The questions having reference to the character of the defect complained of, and of the knowledge of the town authorities thereof, and of the exercise of due care on the part of plaintiff, were all properly submitted to the jury.

We conclude that no error entered into the judgment, and it is *affirmed*.