## KENDALL v. LUCAS COUNTY.

26 395
88 620

26 395
141 733
f141 735

1. **Appeal:** TO SUPREME COURT: TIME. An appeal to the Supreme Court will be held to have been taken in time, although the transcript shows the judgment to have been rendered more than one year before the notice of appeal was given, if it also appears from the transcript, that at the term the judgment appears to have been rendered a motion for a new trial was made by defendant, which was not decided until some time after the close of that term, and within one year before the notice of appeal, and that the judgment was not, in fact, rendered until that time.

2. **Bridges:** HIGHWAY: LIABILITY OF COUNTY. A county is liable for injuries resulting from the non-repair of a county bridge, to a person while traveling the public highway.

THURSDAY, JANUARY 28.

*Appeal from Lucas District Court.*

ACTION for damages resulting to plaintiff by reason of an insufficient bridge across the Chariton river, in said county of Lucas. There was a trial to a jury; verdict and judgment for plaintiff. The defendant appeals. The further necessary facts are stated in the opinion.

*J. W. Wilkerson* for the appellant.

*Stuart Brothers* and *H. H. Trimble* for the appellee.

COLE, J.— 1. The first question arising for our decision, is made by the appellee's counsel. They insist that

1. APPEAL: to Supreme Court: time. the appeal was not taken in time. The transcript shows the judgment to have been rendered on the last day of the October Term, 1867, to wit, on the 7th day of November, 1867; while the notice of appeal was not served until the 11th day of November, 1868. If this was the only showing, there would be no doubt but that the appeal was taken too late, since the statute provides that it must be taken within one year. Rev. § 3507. But it also appears from the transcript, that at the October Term, 1867, the court took the motion of defendant for a new trial under advisement, and did not decide the same until the 3d day of April, 1868, and that the judgment was not rendered until that date. No agreement is shown on the part of defendant, that the judgment might be entered as of the last day of the trial term. Under these circumstances we hold that this appeal was taken in time.

II. The plaintiff is a resident of Marion county, in this State. In August, 1867, he started with his wife

Kendall v. Lucas County.

2. BRIDGES:
highway:
liability of
county.

and child, in a two horse wagon, to visit some relatives in Wayne county. On his way there he came to the bridge in controversy. It was originally a good structure, but the water had so undermined the middle pier as that the upper end of it had settled about two feet, thereby making the floor of the bridge near the middle, that much lower at one side than the other. The plaintiff stopped and examined it, and then concluded, as there were tracks leading to and from it and there were no other means of crossing, to try it. His wife being always timid about crossing bridges, got out with the child, and the plaintiff drove his horses and wagon across in safety. In a few days he returned. When he reached the bridge it had been raining a little. He again examined it, noticed the railing of the bridge, which appeared strong, and again looked for other place or means of crossing. There were none. His wife again got out with the child, and he, in the wagon, was driving slowly across the bridge. When near the center, one of his horses slipped and fell, and one of the planks giving way, both horses, struggling, came against the railing, and that giving way the horses, wagon and harness were precipitated into the river. One horse, worth one hundred and fifty dollars, was killed, and the wagon and harness were damaged to the extent of fifteen dollars. The plaintiff jumped from the wagon before it went into the river, and was not injured. The jury found a general verdict for plaintiff for one hundred and sixty-five dollars; and also found a special verdict entirely consistent with it.

The appellant does "not deny that the bridge was a county bridge, nor that it was out of repair;" but claims that the plaintiff acted in a careless and reckless manner in attempting to cross it, and that, therefore, the verdict is contrary to the evidence.

There is no complaint but that the court fully and properly instructed the jury as to the law of the case. In our view the verdict was right. *Brown* v. *Jefferson County*, 16 Iowa, 339.

Affirmed.