## DAVIS v. ALLAMAKEE COUNTY.

1. **Bridges**: LIABILITY OF COUNTY: NEGLIGENCE. A county is liable for injuries occasioned by a defective bridge which it has neglected to repair. Following *Wilson & Gustin v. Jefferson Co.*, 13 Iowa, 181.

2. **Practice**: INSTRUCTIONS NOT SUPPORTED BY EVIDENCE. It is error justifying reversal to give an instruction based upon a hypothesis which has no support in the evidence, whereby a party is prejudiced.

*Appeal from Clayton Circuit Court.*

THURSDAY, MARCH 18.

ACTION to recover for personal injuries, sustained by plaintiff, by reason of his horse, which he was driving to a sleigh, jumping from a bridge built by the county across the Upper Iowa river, and thus throwing plaintiff from the bridge at a great height. The accident, it is charged, resulted from the fault of the county in failing to keep the bridge in such a safe condition as would have prevented its occurrence. There was a verdict and judgment for plaintiff. Defendant appeals.

*Noble, Hatch & Frese*, for appellant.

*L. E. Fellows* and *J. T. Stoneman*, for appellee.

BECK, J.—I. The first point made by appellant's counsel is, that the county is not liable for injuries resulting from the negligence of its officers, in the absence of a statute creating such liability, and therefore the plaintiff in this case, whatever may be the circumstances of the injury he sustained, cannot recover. The question of law here raised must be regarded as settled in this state. In *Wilson & Gustin v. Jefferson County*, 13 Iowa, 181, decided in 1862, this court held the county liable for damages resulting from injuries sustained on account of a defective bridge which it had neglected to repair. The ruling of that case was followed and counties held liable for like

*1. BRIDGES: liability of county: negligence.*

injuries, in *Brown v. Jefferson County*, 16 Iowa, 339, and *Kendall v. Lucas County*, 26 Iowa, 395. It was recognized and approved in *Collins v. The City of Council Bluffs*, 32 Iowa, 328; *McCullom v. Blackhawk County*, 21 Iowa, 409, and *Soper v. Henry County*, 26 Iowa, 264. We do not understand this doctrine has been doubted by this court since it was adopted in the case first named. In *Soper v. Henry County* it was limited so as to hold counties only liable for defective bridges erected, or kept in repair by them. This, however, is not in conflict with prior adjudication. Nor can the statement, in the opinion in the last case mentioned, of the law as it prevails in other states, with more particularity than the rule recognized here, be regarded as doubting the prior decisions of this court.

II. The defect of the bridge, which plaintiff claimed caused the injury, was the absence of railings to prevent horses drawing vehicles over it from jumping off. The place of a railing was supplied by a brace, a part of the structure itself, at the point where the accident happened. Indeed, it was claimed that braces of like character and other timbers of the bridge, constitued a sufficient protection against accidents of the kind, and therefore no railing was provided. It was shown by the evidence that plaintiff's horse, becoming frightened while upon the bridge, ran against the brace, which was not securely fastened, and for that reason afforded no sufficient protection to prevent the accident.

The court instructed the jury, upon this view of the case, in the following language: "11. If you find from the evidence that there was no negligence in the construction of the bridge, and that the brace in question afterward became loose, the county cannot be made liable for the negligence in not tightening the same, until its agents have had notice of such defect, and after such notice, failed to repair the same within a reasonable time." "12. Such notice may be established by proof of actual notice to the agents of the defendant, or by the defect being so notorious, or of such long existence, as to satisfy you that the proper agents of the county had discovered it."

The instruction first quoted must be understood as contemplating the bridge with reference to its security against accidents of the character of the one which befel plaintiff, and not in reference to its strength or other qualities. The instructions are not assailed as being an announcement of erroneous rules, but it is insisted that no evidence contemplated by the last one was submitted to the jury.

If the bridge, as constructed, was safe, and the brace in question became loose, which caused the accident, the county certainly would be liable only upon notice and failure to repair the defect. Now, we may admit, for the purposes of this case, that the notoriety, or long continuance, of the defect, as stated in the 12th instruction, would authorize the inference of notice to the county. But we find not one word of evidence to the effect that the defect was known to a living being. It follows that its continuance for any time was not shown; it might have been inferred from the nature of this defect. But the inference of its existence from the nature of the defect certainly would not be sufficient to charge defendant with notice. We conclude that there was no evidence as to the notoriety or long continuance of the defect which would authorize the jury to find that the defendant was chargeable with notice. The verdict, therefore, under this instruction, is utterly without the support of evidence.

2. PRACTICE: instructions not supported by evidence.

Other questions raised in the case need not be considered as, for the reason just stated, the judgment must be

REVERSED.