CHARLES C. WAUD, Appellant v. POLK COUNTY,
Appellee.

1. **Defective Bridge**: PERSONAL INJURY: CONTRIBUTORY NEGLIGENCE: QUESTION FOR JURY. In an action to recover of a county damages suffered by reason of defects in a bridge, it appeared that the plaintiff had long known that the bridge was defective, but that he and the public had thus far used it without injury. *Held*, that, whether or not he was guilty of contributory negligence in using it on the occasion of the accident, was a question for the jury, and not for the court.

2. ———: NOTICE TO COUNTY: PRESUMPTION FROM LAPSE OF TIME. Where a patent defect in a county bridge has existed for from six months to a year, knowledge thereof on the part of the county will be presumed.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

FRIDAY, MAY 26, 1893.

ACTION to recover damages for a personal injury resulting from a defective bridge. There was a trial to a jury, resulting in a verdict and judgment for the defendant. The plaintiff appeals.—*Reversed.*

*Park & Odell*, for appellant.

*Spurrier & Dowell*, for appellee.

KINNE, J.—The plaintiff claims that while passing over a bridge which spans Four Mile creek, in Polk county, Iowa, himself, his wife, and his team and wagon were precipitated to the ground below, a distance of about twelve feet; that his wagon was broken and rendered useless, his harness and horses injured, and that he was severely hurt,—for all of which he claims damages in the sum of four thousand, seven hundred dollars. It is averred that the injuries com-

plained of were caused by the carelessness of the defendant, and that the plaintiff was without negligence on his part which contributed to produce said result. He presented his claim to the board of supervisors of the defendant, and payment was refused.

The particular grounds of negligence charged are: *First*, that the defendant had permitted the plank flooring of the bridge to become defective and displaced, so as to leave a large hole or opening in the floor of said bridge at the south end thereof; and, *second*, that the guard railing over and across said bridge, and on the east side thereof, was defective, and a portion of it gone. The defendant admitted its organization as a county, and denied all other allegations of the petition. At the conclusion of the plaintiff's testimony, the defendant made a motion to direct a verdict for it, which was done. The plaintiff's motion for a new trial was overruled, and judgment entered against him for costs, to which he excepted, and appealed.

I. One of the grounds of the motion to direct a verdict was that the plaintiff's negligence had caused the injuries of which he complained. It

1. DEFECTIVE bridge: personal injury: contributory negligence: question for jury.

appears, without conflict, that the plaintiff resided about a mile northeast of the bridge in question. That he had been over the bridge frequently prior to the date of the accident, and as late as the day previous thereto. That at these times the bridge, at the point where the hole complained of existed on the day of the accident, was out of repair. The planks were split, and at least one plank was gone, and it appears it had been gone for several months. The guard rail on the east side of the bridge had no support at the south end, at the point where the wagon struck it when it went over. It appears that the defects complained of, as existing at the date of the accident, were of long standing, and well known to the plaintiff before he drove

upon the bridge.   The only difference was that on the day of the accident two planks were gone instead of one.   The place where the planks were gone was at the extreme south end of the bridge, and the joists of the bridge were thus left exposed for a space of about thirty inches in width.   Prior to the accident, the plaintiff had often been across the bridge when the joists were thus exposed for a width of from ten to twelve inches.   It seems he had often replaced the plank when he found it out of place.   He drove on the bridge the morning of the accident from the north end, at which point he could not see the hole in the bridge.   When his horses saw the hole they became unmanageable, and suddenly backed up for a distance of about twenty feet until the wagon struck the defective guard rail, and the team, wagon, and occupants went off of the bridge to the ground below.   The bridge had been used prior to the accident by the public with safety.

The burden was on the plaintiff to show that he did not, by his own negligence or want of care, contribute to the result of which he complains.  The court, by its ruling, and as a matter of law, held that the plaintiff had contributed to produce the injury, and hence could not recover.   It may be conceded that when the whole testimony in a case, and all legitimate inferences that can be drawn therefrom, show that the injury complained of occurred by reason of the want of ordinary care, the question of negligence is one for the court. *Mynning v. Detroit L. & N. Railroad Co.*, 35 N. W. Rep. (Mich.) 811; *Milne v. Walker*, 59 Iowa, 186: *Starry v. Dubuque & S. W. Railroad Co.*, 51 Iowa, 419; *McLaury v. City of McGregor*, 54 Iowa, 717.   But we have repeatedly held that knowledge of a defect in a bridge, highway, or sidewalk will not, of itself, defeat a recovery by one who sustains damage by reason of such defect.   *Kendall v. City of Albia*, 73 Iowa, 248; *Walker v. Decatur County*, 67 Iowa, 308; *Munger v.*

*City of Marshalltown,* 59 Iowa, 763; *Ross v. City of Davenport,* 66 Iowa, 551; *Rice v. City of Des Moines,* 40 Iowa, 642; *Kendall v. Lucas County,* 26 Iowa, 397.

In most of the above cases it is held that the question of negligence was to be determined by the jury. In *Walker v. Decatur County, supra,* the facts were that the plaintiff was injured by stepping into a hole in a bridge. The bridge had been out of repair for some time, which fact was known to the plaintiff. In that case, as in the case at bar, the bridge was not barricaded. It was open to the public, and used by it. The court said: "It is true that it was unsafe, and the time would come, and perhaps it had already come, when it would be imprudent for any person, in the exercise of reasonable discretion and prudence, to make the attempt to pass over it; but this was a question for the jury." The question in the case at bar was whether or not the plaintiff, under all the circumstances, acted as a reasonably prudent and cautious man would, having in mind the proper preservation of himself, his wife, and his property from harm. These circumstances were not confined to the plaintiff's knowledge of the condition of the bridge; but, in determining the question of his negligence, regard must be had to the fact that he and others had used the bridge, that it was open for the use of the traveling public, that his team was gentle, that they had never before been frightened while crossing this bridge in its defective condition, and all other facts surrounding his use of the bridge. We think the question of the plaintiff's negligence should have been submitted to the jury.

II. There is no claim that the defendant had actual notice of the hole in the bridge. One Lewis tes-

2. ——: notice to county: presumption from lapse of time. tified that from six months to a year prior to the accident he notified the board of supervisors of the defendant of the condition of the bridge; that he notified one Brooks, a

member of the board by letter, and afterwards talked to him, about the condition of the bridge; that the guard rail, or at least a part of it, on the east side, had been off for a year or more. It is said that it does not appear that the letter was ever mailed to Brooks, or that he ever received it. A technical view of the language used by the witness may bear out the theory that all he intended to say was he wrote the letter; but that would hardly avoid the effect of his testimony that he talked with Brooks about the condition of the bridge. Let it be conceded that the defendant had no actual notice, yet the testimony shows, without conflict, that the condition of the bridge, so far as the guard rail was concerned, had been open and notorious for a period of from six months to a year; surely, under such circumstances, notice to the defendant may well be presumed. *Ferguson v. Davis County*, 57 Iowa, 610; *Davis v. Allamakee County*, 40 Iowa, 217.

III. It is contended that no damages were shown. As the case may be tried again, we should refrain from discussing the weight of the evidence. It is proper to say that there was evidence as to damages which should be passed upon by the jury.

For the reasons heretofore given, the judgment of the district court is REVERSED.