## PHILIP HOMAN v. FRANKLIN COUNTY, Appellant.

**Construction of Pleading: CONTRIBUTORY NEGLIGENCE.** In an action for personal injuries caused by a defective highway bridge, a complaint alleging that the bridge "became decayed, shaky, out of repair, timbers rotten and displaced, so that it was obviously defective and dangerous continuously for more than a year prior to the accident; that *defendant* could have readily discovered the defective and dangerous condition in ample time to have made repairs and prevented said accident;" does not show that plaintiff was negligent in using the bridge. It does not allege that all persons could have observed this condition, but that it was so obvious as to make it the duty of defendant to repair.

**Instructions: APPLICABILITY.** An instruction that the jury may allow damages for future loss, pain, and suffering for personal injuries to plaintiff, is proper, where there is evidence to support an

allegation that he was caused to suffer "permanent disability," by the injuries.

CONSTRUED. A charge to allow damages for loss, pain and suffering, "but in the aggregate not to exceed $2,500," is, where no more definite one was prayed, not open to the objection that it does not limit to a recovery of the *present worth* of the damages.

HARMLESS ERROR. An instruction in an action for personal injuries caused by a defective bridge, that plaintiff cannot recover more than a specified amount, because he had offered to take such amount in his claim filed with the board of supervisors, is not prejudical to *defendant*.

*Same.* An instruction that if the defect in the bridge by, which plaintiff was injured was "observable to all," the officers of defendant county would be presumed to have known thereof, is not prejudical to defendant.

**Court and Jury:** CONSTRUCTION OF WRITING. Whether or not plaintiff, in an action against a county for personal injuries, had duly presented his claim to the board of supervisors as required by Code, section 2610, is a question for the court, where there is no dispute as to the facts touching the filing of a claim by plaintiff, but merely as to whether such claim was sufficient.

**Presenting Demand Against County:** CONSTRUCTION OF STATUTE. The presentation of a claim to the county board of supervisors, alleging injuries to claimant, in a certain sum, by the fall of a bridge, and stating that he will accept a less sum in full settlement, to avoid litigation, is sufficient compliance with Code, section 2610, providing that no action shall be brought against any county on any unliquidated demand, until the same has been presented to such board and payment demanded; and a statement therein that claimant was "severely and permanently injured," as a sufficient basis for submitting further loss, pain and suffering, to the jury.

SAME. That this demand does not name all the injuries set out in the petition, and that the petition claims a larger sum for damages, does not destroy the identity of the demand, nor its efficacy as a basis for the action brought.

EXAMINATION OF WITNESS: *Discretion.* In an action for personal injuries an expert stated that the dilated condition of plaintiff's eyes was traceable to an abnormal condition of the heart, and was permitted, without objection, to make certain experiments with plaintiff's eyes, in the presence of the jury. *Held,* that the refusal of the court to permit the defendant to make the same experiments with some other person, to show that the same results would be produced in a normal person, the refusal being on the ground that the court did not have time to find a normal man, is within the discretion of the court.

**Practice:** HARMLESS ERROR. When an action for personal injuries caused by a defective bridge is tried on the theory of constructive notice to defendant of its defects, an instruction imposing liability on defendant if he had actual knowledge, or if the defect was obvious, is not prejudicial to defendant.

*Appeal from Wright District Court.*—HON D. R. HIND-MAN, Judge.

WEDNESDAY, OCTOBER 7, 1896.

ACTION to recover fifteen thousand dollars damages for personal injuries alleged to have been sustained by reason of negligence on the part of defendant's officers in the construction of one of the highway bridges, and in keeping the same open to public travel when in a dangerous and defective condition. Defendant answered, denying generally, and alleging that whatever injuries plaintiff sustained, were caused by his own negligence. A verdict was returned in favor of the plaintiff for two thousand five hundred dollars, and judgment rendered thereon. Both parties appeal. Defendant will be designated as appellant.—*Affirmed.*

*Taylor & Evans* for appellant.

*J. H. Scales* and *Nagle & Nagle* for appellee.

GIVEN, J.—I. We first consider the errors assigned and discussed on defendant's appeal. The injuries complained of were caused by the breaking down of one of the defendants highway bridges when plaintiff was driving over it, because, as is alleged, of defective construction and want of repairs. On a former appeal by the defendant, the judgment was reversed. See 90 Iowa, 185 (57 N. W. Rep. 703). It is alleged in the petition that, because of the failure of the defendant to make repairs, the bridge "became decayed, shaky, out of repair, timbers rotten and

displaced, so that it was obviously defective and dangerous continuously for more than a year prior to the accident;. that defendant could have readily discovered the defective and dangerous condition in ample time to have made repairs and prevented said accident." Plaintiff was examined on his own behalf on both trials, and on the former testified as to his knowledge of the condition of the said bridge before the accident. On the last trial, he was not examined on that subject, but, under a stipulation that either party might introduce the reporter's transcript of the evidence on the former trial, subject to objections on the ground of immateriality, the defendant read in evidence the plaintiff's statement as to his knowledge of the condition of the bridge. Defendant contends that, because of said allegation in the petition and the plaintiff's own evidence, the court erred in not sustaining defendant's motion for a verdict on the ground that plaintiff was guilty of negligence contributing to the injuries complained of. It is insisted that, if the bridge was as obviously defective as alleged, plaintiff would, by proper care, have known it; that his evidence shows that he did know its condition; and that this court virtually held on the former appeal, upon the same allegation and evidence that he was guilty of such contributory negligence as to defeat a recovery. The allegation is not that the bridge was obviously defective to those traveling over it, but so that the defendant's officers could have discovered it by exercising the care required. It was not held on the former appeal that upon the petition and evidence, or upon either, the plaintiff was guilty of contributory negligence. That was held to be a question for the jury, and that an instruction on that subject, asked and refused, should have been given. We still think it was for the jury to determine whether plaintiff was guilty of contributory negligence.

The court, in instructing upon the subject of notice to the defendant of the condition of the bridge, directed the jury in substance, as follows: That to return a verdict for the plaintiff they must find that defendant had actual notice of the defect in the bridge in time to have repaired it before the accident, or, "that the defect was of such manifest, open, and notorious character, as to be observable to all" for such a length of time that by reasonable diligence defendant's officers should have discovered and repaired it before the accident, or that the defect, if not open and notorious to all persons, was of such a nature, and had existed for such a length of time, that defendant's officers, by proper diligence, should have discovered and repaired it before the accident occurred. Defendant's counsel insist that if the defect was of such manifest, open and notorious character, as to be observable to all, "plaintiff must or should have known it, and, therefore, was negligent in going upon the bridge;" also, that there is neither allegation nor proof of actual notice to the defendant of the condition of the bridge, and therefore the court erred in instructing on that subject. That part of the instructions, complained of, is certainly favorable to the defendant, in that, taken alone, it requires actual notice, or that, to constitute constructive notice, the defect must have been observable to all. Taking the entire instruction together, it gave the correct rule as to constructive notice to the defendant, and there was no prejudice to the defendant that, in stating the law as to notice, actual notice was mentioned; neither was there any prejudice to the defendant in saying that, if the defect was "observable to all," the defendant's officers would be presumed to have known it. It does not follow, from this statement in the instructions, that the defect was observable to all persons, nor that plaintiff was

negligent in going upon the bridge. The case was tried throughout upon the claim of constructive notice, the question of plaintiff's negligence was properly submitted to the jury, and the errors, if any, in these instructions, were without prejudice to the defendant.

II. Section 2610 of the Code provides as follows: "But no action shall be brought against any county on an unliquidated demand, until the same has been presented to such board [of supervisors] and payment demanded." Plaintiff, after stating his claims in his petition, alleges that he "duly presented such claim to defendant's board of supervisors, who have neglected and refused to pay said claim." It appears, that prior to the commencement of this action plaintiff filed with said board his claim. duly verified, stating in substance as follows: That on the twelfth day of June, 1890, he was seriously and permanently injured by the falling of the bridge over Beaver Creek, near Ackley; that the bridge was defective and unsafe, and had been for a long time; and that the accident was the result of negligence in failing to keep the bridge in a reasonably safe condition. The statement recites certain injuries sustained; that he sustained other injuries; that he was permanently injured, and that he was damaged in the sum of five thousand dollars; "that by way of compromise claimant will take the sum of two thousand five hundred dollars in full settlement, to avoid litigation." The defendant's board failed to allow this claim, or any part thereof. One ground of defendant's motion for a verdict, was that the claim sued on had never been presented to the defendant's board of supervisors, or demand made for its payment; and it is now insisted that the court erred in overruling that ground of the motion. The first complaint is that the court did not submit to the jury the issue whether plaintiff

had "duly presented said claim to defendant's board of supervisors," as alleged and denied. True, issue is joined on that allegation, but it is not one that affects the right of recovery, but the right to bring the action. There is no dispute as to the facts touching the filing of this claim, and it was for the court to determine whether the plaintiff had a right to bring this action when he did. See *Owen v. City of Ft. Dodge*, 98 Iowa, 281 (67 N. W. Rep. 281).

It is insisted that no demand of payment was made. True, the word "demand" is not in the paper filed, nor is it required that it shall be; it is sufficient if it appears that the payment is what is required. Surely the board understood that payment of two thousand five hundred dollars was demanded. It is further insisted that the claim sued upon is not the same as that presented to the board, for that other injuries than those specified in the claim are relied upon, and recovery is sought for a greater sum than that demanded. That it appeared on the trial that, in addition to the injuries enumerated in the claim, plaintiff's collar bone had been dislocated, and adhesions had resulted from his injuries, does not destroy the identity of the demand. Neither does the fact that, in the first demand, he was willing to accept two thousand five hundred dollars by way of compromise, and, in the second, asks a much larger sum. The two demands are manifestly based upon the same cause, and there is no ground for the contention that defendant was surprised by evidence of the dislocation of the collar bone and of "adhesions." The difference in the amounts demanded may affect the amount that plaintiff may· recover, but the difference does not show that the demand sued upon, is upon a different cause than that made upon the defendant's board. Defendant's counsel cite *Marsh v. Benton County*, 75 Iowa, 469 (39 N. W. Rep. 713).

They concede that no question was raised in that case as to the identity of the claims. The question in that case was whether plaintiff might recover more than was demanded of the county,—a question that is presented in this case on plaintiff's appeal, the court having limited his recovery to two thousand five hundred dollars. There was no error in overruling defendant's motion for a verdict on the ground that the claim sued on had never been presented to the board of supervisors, or demand made for its payment. In *Dale v. Webster County*, 76 Iowa, 371 (41 N. W. Rep. 2), it is said that section 2610, of the Code, "does not require that the claimant shall produce his evidence, but it is enough if the board is informed of the amount of the claim, and the grounds on which it is made, with sufficient clearness to enable it to investigate the facts, and reach an intelligent decision."

III. The court instructed the jury that if it found for the plaintiff, it might allow damages for future loss, pain, and suffering, "but in the aggregate, not to exceed· $2,500." Appellant contends that no claim for future damages is made in the claim filed with the board, nor in the petition; that there is no evidence of future disability; and that, therefore, the court erred in so instructing. In the claim presented to the board, plaintiff states that he was "seriously and permanently injured," and in his petition he alleges that by the injuries he is caused to suffer "permanent disability." The claim for future disability is clearly made, and there was evidence tending to establish it; therefore ther, was no error in submitting this inquiry to the jury. It is complained that the jury was not instructed to allow the "present worth only" of future damages. The instructions given, though not as specific as might have been on that subject, must have been understood

as limiting the allowance to the present worth of the damages sustained. Appellant did not ask any more specific instructions, and has, now, no just grounds for complaint. The court gave to the jury, as a reason for limiting the recovery to two thousand, five hundred dollars, the fact that the plaintiff had offered to take that sum, in his claim filed with the board. We fail to see wherein appellant was prejudiced by thus limiting the amount of the recovery, or by giving the reason for doing so. A further complaint is made, in this connection, against what the court said as to actual notice to the defendant. We have already said that there was no prejudice to the appellant in this respect. Complaint is made that in the third and fourth paragraphs of the charge, the court explained what is required, under the laws of the state, of counties and township trustees with respect to the erection and maintenance of bridges. It is not claimed that the law was incorrectly stated, but that irrelevant matters are stated, the tendency of which was to divert the minds of the jury from the real issues. As we view these instructions, we think they made plain the real issues.

IV. A number of complaints are made against rulings of the court in taking the testimony. One Dr. Sams, called by the plaintiff, having testified that he discovered a dilated condition of the plaintiff's pupils, and that it was "traceable to the abnormal condition of the heart," was permitted, without objection, to make certain experiments with the plaintiff's eyes, in the presence of the jury. Other experts, called by the defendant, testified to the effect, that the results observed in the experiments with the plaintiff would be produced by the same experiments with any person. Appellant asked, that the witness be permitted to make the same experiments with .

some person other than the plaintiff, to which appellee objected. "The Court: The court could not be asked to take the time to find a man in a normal condition. For that reason the objection is sustained. It is sustained, not only as to physicians, but to having a person brought before the jury other than the plaintiff." It appears, that both parties had consumed considerable time in introducing evidence on this subject, and that the value of the experiment upon other persons than the plaintiff, depended upon the condition of their eyes. It was within the discretion of the court whether to allow experiments in the presence of the jury, with persons other than the plaintiff, and we think, there was no abuse of that discretion, in refusing the demand of appellant. We have examined the other errors assigned on rulings in taking the testimony, but do not find any errors in them, nor are they of sufficient importance te warrant extending this opinion by further mention of them.

V. Appellaut urges that the verdict is against the evidence and instructions, and that the verdict is excessive. We will not discuss the evidence. It is sufficient to say that, under it, the verdict has such support as that we should not disturb it, especially as it is the second verdict in favor of the plaintiff. Under the instructions, the verdict might have been for either party; therefore there is no conflict between the verdict and the instructions. Our conclusion is that, upon the defendant's appeal, the judgment of the district court should be affirmed.

VI. Plaintiff's complaint is that the district court restricted his recovery to the amount for which he demanded payment of the defendant, namely, two thousand five hundred dollars, and refused to instruct the jury to allow interest on the amount they might find plaintiff entitled to. Plaintiff filed in this court a waiver of such errors as might remand the case on

his appeal alone, if the case is not remanded on defendant's appeal. As we have reached the conclusion that the judgment must be affirmed on defendant's appeal, it is not required, in view of this waiver, that we consider the questions presented on plaintiff's appeal. The judgment of the district court is, upon both appeals, AFFIRMED.