CARISTINA E. MORGAN v. DALLAS COUNTY, Appellant.

Contributory Negligence: JURY QUESTION: *Bridges.* Plaintiff, her
1 husband and her child were driving over a bridge, and when on the graded approach thereto, some six feet above the surrounding land, the horse shied, forcing the buggy over the edge of the approach, to the ground below, injuring the occupants. There were no guard rails on the approach. There was a ford under the bridge, the use of which would have avoided the necessity of going on the approach. The bank on one side of the ford was steep, and the river was about sixty-five feet wide, the water being about up to the wheel hubs. The major portion of the travel was by the bridge, rather than the ford, *Held,* that the question of contributory negligence in choosing the bridge rather than the ford, was for the jury. ·

SAME: *Instructions.* An instruction that assumed that a way by the
2 ford was safe, and free from all danger, was properly refused.

Instructions: APPLICABILITY. Testimony by a mother as to the
3 value of her time, and as to the amount of time given by her to her child by reason of its injuries, supports an instruction permitting "reasonable compensation for the care of the child occasioned by the injury."

**Appeal:** HARMLESS ERROR: *Evidence.* Error in allowing the driver to testify that if there had been a guard rail along the approach to the bridge his horse would not have backed over the side, is not prejudicial, as it is apparent that if there had been a barrier sufficiently strong, the horse could not have gone through it.

*Appeal from Guthrie District Court.*—HON. A. W. WILKINSON, Judge.

FRIDAY, OCTOBER 8, 1897.

WHILE J. W. Morgan, with his wife, the plaintiff herein, and little child, were driving along the approach to a county bridge in Dallas county, his horse shied off the grade, and occasioned the injuries complained of. Morgan assigned his cause of action to the plaintiff, who brings this suit for damages sustained by both. Trial to jury; verdict and judgment for plaintiff; and defendant appeals.—*Affirmed.*

*Edmund Nichols* for appellant.

*Shortley & Harpel* and *S. D. Nichols* for appellee.

LADD, J.—It is insisted that the plaintiff and her husband were guilty of contributory negligence, and, for this reason, ought not to recover. The bridge is over the 'Coon river, about one and one-half miles southwest of Perry, and is sixty-five or seventy feet long, with iron guard rails. Next to the bridge is a plankway, with wooden railing, and, beyond this, an approach, constructed by erecting a crib, and filling it with earth, about six feet above the surface. This approach had no barriers whatever, and from it the horse shied, and occasioned the accident. Under the bridge was a ford, the water being about one foot deep, or, as said by one witness, it came up to the hub of the wagons. In going to the south, as Morgan did, the way was on the east side of the approach, under the

bridge, and out on the west side. In going into the river, the ground was level to the north, but there was a steep bank on the south side, making it somewhat difficult to get out. As Morgan knew the approach was without barriers, it is said he ought to have driven by way of the ford, instead of over the bridge. *Homan v. Franklin County*, 98 Iowa, 692, is relied on. In that case the defect in the bridge was such as might occasion injury without any other co-operating cause, such as to render it dangerous however used. It was shaky, and not properly braced from below. Here the approach might be used with impunity by those to whom the want of barriers was not a source of danger. The greater portion of the travelers went over the bridge, instead of through the river. Morgan had driven this very horse over it many times without harm. The approach was as constructed, and open to the public use. Under the circumstances, Morgan might well hesitate whether he would brook the dangers of the ford or those of the unguarded approach. In deciding, he was required to exercise that degree of prudence an ordinarily cautious man would under like circumstances. Whether he so did, was properly left to the jury. *Walker v. Decatur County*, 67 Iowa, 307; *Waud v. Polk County*, 88 Iowa, 617.

II. The first instruction asked by the defendant was properly refused, because it assumed that the way by the ford was safe and convenient. It cannot be said that driving across a stream sixty-five feet wide, with wife and small child, in the buggy, the water hub deep, and a difficult ascent on the further side, would have been entirely free from danger. The ninth instruction given by the court called attention to the way by the ford, and submitted the question whether Morgan was negligent in going over the bridge. It is not as specific as could have been desired, but must have been understood by the jury as indicating that

Morgan was required to choose between the two ways, acting as an ordinarily cautious man in so doing.

III. It is said there is no evidence to support that part of the tenth instruction permitting the jury to allow as damages "reasonable compensation for the care of the child occasioned by the injury." The plaintiff testified to the value of her time, and also the care given the child. This furn'shed a basis from which to fix such compensation.

IV. Morgan was allowed to testify, over the objection of the defendant, that, if there had been a guard rail along the approach, the accident would not have occurred. This was a conclusion of the witness, and improperly received. He spoke his opinion, only. It was without prejudice, however, as every juror knew, as well as the witness, that, if there had been a barrier sufficiently strong, the horse could not have gone through it. The evidence bearing on the character of the horse was in conflict, and rightly left for the consideration of the jury in passing on the issues raised by the pleadings.—Affirmed.