|125  627
|128  411

125  627,
129  361

John Hollingworth, Appellee, v. The City of Fort Dodge, Appellant.

**Personal injury:** DAMAGE: PLEADINGS: EVIDENCE. Where plaintiff alleged injuries to his head and back from which he suffered great pain and mental anguish, and that the injury to his back was permanent, admission of evidence that following the injury he had fainting and dizzy spells, was proper as showing the extent of the injury without a special allegation of damage on that account.

**Contributory negligence:** EVIDENCE. In an action for injury by reason of a defective street, plaintiff may show the condition of the street at other places than where the accident occurred, and the condition of other streets, on the question of his contributory negligence in not taking another way.

**Leading question.** Ordinarily a cause will not be reversed because leading questions are permitted.

**Evidence:** MOTION TO STRIKE. Where a portion of an answer is proper, a motion to strike it as an entirety on the ground that it is a conclusion, should be overruled.

**Instructions:** MISQUOTATION OF ISSUES. An error arising from a misquotation of plaintiff's claim for damages, which is clearly removed by a subsequent instruction, is not prejudicial.

**Negligence:** KNOWLEDGE OF DEFECTIVE STREET. Mere knowledge of defects in a street will not bar recovery for an injury therefrom unless it is shown that plaintiff knew it was imprudent to try to pass over the same, and that there was another comparatively safe way he might have taken.

**Contributory negligence:** EVIDENCE. In an action for injuries to the driver of a vehicle by reason of a defective street, the evidence is reviewed and held insufficient to establish contributory negligence as a matter of law, but was properly submitted to the jury.

*Appeal from Webster District Court.*— Hon. J. R. Whitaker, Judge.

Saturday, November 19, 1904.

Action at law to recover damages for personal injuries received by plaintiff, resulting from his being thrown from an omnibus in consequence of a defect in one of the streets

in the defendant city. Defendant's defense was a general denial. The case was tried to a jury, resulting in a verdict and judgment for plaintiff, and defendant appeals.—
*Affirmed.*

*M. J. Mitchell,* for appellant.

*Kenyon & O'Connor,* for appellee.

DEEMER, C. J.— Fourth street, in the defendant city, runs from the business part to the passenger deport of the Illinois Central and Minneapolis & St. Louis Railroads. It is one of the main thoroughfares of the municipality. On June 10, 1902, plaintiff was engaged in driving an omnibus, which met the incoming and outgoing trains at the depot above mentioned. He had been engaged in this business for about three weeks, and had driven over the street in question many times daily during this three weeks. Plaintiff claims that this street was defective, in that at or near the depot, and at the intersection of what was formerly known as Commerce with Fourth street, the city had placed or permitted to be placed therein large boulders, and had permitted a ditch or drain to be constructed near a brick crossing which had been constructed across the street; that the said boulders and the ditch or drain made the said street defective and unsafe; and that plaintiff, while in the exercise of due care on his part, was injured by reason of the omnibus coming in contact with said boulders and running into the ditch, throwing him to the ground, fracturing his jaw, and otherwise hurting his head and back. Defendant's principal defense was contributory negligence on the part of the plaintiff.

There was ample evidence to support plaintiff's charge of negligence on the part of the city, and the case comes to us for review with a claim on the part of the defendant that the trial court erred in its ruling on the admission and rejection of testimony, in its instructions, in denying de-

fendant's motion for a directed verdict in its favor, in over-
ruling defendant's motion for judgment on the special find-
ings of the jury, and in refusing to sustain its motion for a
new trial.   It is also claimed that the evidence conclusively
shows contributory negligence on the part of the plaintiff.

We shall first take up the rulings on evidence.   Plain-
tiff alleged that, by reason of being thrown from the vehicle,
he suffered a fractured jaw, and other injuries to his head
and back; that he had suffered great pain and
mental anguish therefrom; and that the injury
to his back was permanent.   He was permit-
ted to show, over defendant's objection, that after he received
his injuries he had fainting or dizzy spells.   It is contended
that this evidence was irrelevant, because no claim was
made in the petition for damages on account thereof.   True,
there is no such express averment in the petition, but, under
the allegations thereof which we have quoted, we think the
testimony was admissible as showing the extent of the
injuries to plaintiff's head, and the pain and anguish he
had suffered on account thereof.   Special damages were not
claimed on account of this fainting, but there was no neces-
sity for such a charge.   The testimony was admissible for
the purpose of showing the extent of the injury suffered by
the plaintiff.   *Kircher v. Town of Larchwood,* 120 Iowa,
580.   The cases cited in support of defendant's contention
are not in point.

1. DAMAGES:
pleadings; evi-
dence.

II.   Plaintiff and other witnesses were permitted to
testify as to the condition of Fourth street at other places
than where the accident occurred, of Commerce street, and
of Sixth street, which, as we understand, is a
narrow passageway just north of the depot, and
between the place of accident and the depot.
The admission of such testimony is said to be erroneous.
Had this been offered for the purpose of showing negligence
on the part of the city, or notice to the city of the alleged
defects, doubtless it would have been error to have received

2. CONTRIBUTORY
NEGLIGENCE:
evidence.

it. But this was not the object. Plaintiff was required to show his freedom from contributory negligence, and if he knew of the defects complained of, and knew it was imprudent for him to attempt to pass over them, then it was his duty to take some other route to reach his destination, if there was one which was safe and open to him. For the purpose of showing that there was no other safe and convenient way open to him, this testimony was admissible. For present purposes, the order of its introduction is not subject to review. To get to the depot, plaintiff was compelled to go south on Fourth street directly to the depot; south on Fifth, Sixth, or Seventh, which are east of Fourth; and northwesterly on · Commerce, which intersects Fourth near the south end thereof, and runs in a southeasterly direction from Fourth to the depot; or south on some of the streets west of the depot, and east on the narrow passageway just north of the depot, which is called " Sixth Street." Hence the condition of Commerce, Fourth, and what\ we have just called " Sixth " streets was a material inquiry in the case for the purposes already stated.

Other questions propounded to plaintiff and to some of his witnesses are said to have been leading, and to call for the opinions of the witnesses, rather than for facts. We do not ordinarily reverse a case because a question is leading, and there is no reason for making an exception here. A few of the questions were slightly leading, but the trial court did not abuse its discretion in such matters.

3. Leading ques-
   tions.

The testimony which is said to offend against the rule that a witness must state facts, and not opinions, is as follows (referring to the condition of Commerce street) : " The track [street car] was high to get over. The track was up there — up high there — and the track was bad along there anyhow." A motion to strike this as an entirety was made by the defendant. Part of the answer was clearly the opinion of the witness, but not all of

4. Evidence: mo-
   tion to strike.

it; hence the motion was properly overruled. *Yahn v. City of Ottumwa,* 60 Iowa, 432; *Hollenbeck v. Marion,* 116 Iowa, 69.

III.   Coming now to the instructions, we find that the court, in stating the issues in referring to the plaintiff's claims, said that he alleged that his injuries to his head and back were permanent.   This was not a correct statement of the averments of the petition, but the error, if any, was cured by an instruction which expressly stated that the jury should not allow damages for permanent injuries of any kind.   The error was simply a misquotation of plaintiff's claims, and the instruction clearly removed any prejudice which might have resulted therefrom.

5. INSTRUCTIONS: misquotation of issues.

IV.   The jury found specially that at the time of the injury plaintiff knew, or should have known, of the defects in the street of which he complained, and that there was nothing to distract his attention therefrom at the time he received his injuries.   It also found, however, that he could not, by the exercise of ordinary care and caution, have avoided the accident, and that at the time thereof he had the lines in his hands, and his team under control.   Defendant was not entitled to a judgment on these special findings.   Knowledge of defects in a street is not, alone, sufficient to bar one of recovery for injuries received by reason thereof. It must also be shown that plaintiff knew it was imprudent to try to pass over the same, and that there was another way, comparatively safe, which he might have taken to reach his destination.   *Byerly v. Anamosa,* 79 Iowa, 206; *Walker v. Decatur Co.,* 67 Iowa, 307; *Nichols v. Laurens,* 96 Iowa, 393; *Barnes v. Marcus,* 96 Iowa, 675; *Morgan v. Dallas County,* 103 Iowa, 57; *Sylvester v. Town of Casey,* 110 Iowa, 258.

6. NEGLIGENCE: knowledge of defective street.

V.   The only other point made by defendant, which was raised in various ways during the trial, is that plaintiff

was guilty of such contributory negligence as bars him from recovery. We have already observed that mere knowledge of the defect or danger is not conclusive on this point. Conceding such knowledge, it is generally a question of fact for a jury to determine whether or not the injured party exercised ordinary care in passing over the defective street. Reference has been made to the means plaintiff had for reaching his destination, and, in a general way, to the condition of these streets. It should also be stated that a street car track came down Fourth street as far as Commerce, turned into Commerce, and ran down it in a southeasterly direction. The rails of this track were high above the surface of the street, and one coming down Fourth had to drive on either the east or west side thereof. If he drove on the east side, he had to cross the rails of the street car track to get to the depot. If he came down the west side, there was no occasion to cross these tracks. The traveled way on either side of the street car tracks on Fourth street was not more than 12 feet in width. At a foot crossing of Fourth street, about 100 feet of the depot, and in the traveled track west of the street car line, there was a washout from three to eight feet long east and west, two to three feet north and south, and from six inches to a foot in depth. Near the crossing, and in the traveled path, there were also three or four large boulders or stones — some of them a foot in diameter. So that one driving down the street not only had to look out for the stones, but to avoid, as far as possible, the washout or gully. At the time plaintiff received his injuries he was driving (with due care as the jury said) north on the west side of Fourth street, toward the business part of the city, having just met a train at about the hour of 4:20 o'clock a. m., his team on a slow trot, following another omnibus a few feet ahead; and, while passing and crossing the defects in the street already mentioned, the wheels of his omnibus came in contact with some of the stones or boulders, and

7. CONTRIBUTORY NEGLIGENCE: evidence.

were deflected thereby into the gutter, causing plaintiff to be thrown to the ground and injured. The jury found that plaintiff had hold of the lines, and this they were authorized to do from the testimony adduced, and there was also testimony from which they must have found that plaintiff was in the exercise of due care in passing over the defects. There was also testimony to the effect that plaintiff was carefully driving, and looking as best he could where he was going; that he knew he should exercise considerable caution in passing over the place in question; and that he did so. It was also shown that by the use of extraordinary care, and under the most favorable conditions, one could pass over the street without striking the stones or running into the gutter, but that, with this caution, travelers sometimes struck or drove into these defects.

As already said, mere knowledge of the defects in a street which is left open for public travel is not conclusive on the question of contributory negligence. It is a circumstance, of course, to be considered by the jury; but, after all, it was for that body to say whether or not plaintiff was exercising the degree of care required of him in passing over the defects. This is not ordinarily a question of law, but of fact, and the testimony was such in this case as to justify the trial court in submitting the matter to the jury.

There is no error of which the defendant may justly complain, and the judgment must be, and it is, *affirmed*.