TOM SPIRES, PLAINTIFF IN ERROR, v. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1.  Evidence of an experiment whereby to test the truth of testimony that a certain thing occurred is not admissible where the conditions attending the alleged occurrence and the experiment are not shown to be similar.

2.  Whether or not evidence of experiments is admissible is, under the circumstances of each case, a preliminary question for the determination of the court.

3.  It is within the judicial discretion of the trial court whether to permit experiments relevant to the issue to be made before the jury during the trial, or to refuse to permit them, such court having first to determine whether or not such similarity of circumstances and conditions has been made to appear to render said evidence competent, and an appellate court should decline to interfere with the ruling, unless an abuse of this judicial discretion is clearly made to appear.

4.  The making of experiments by or in the presence of the jury is not favored by the courts. Evidence of this kind should be received with caution, and only be admitted

where it is obvious to the court, from the nature of the experiments, that the jury will be enlightened, rather than confused.

5. Where one of the errors assigned is based upon the overruling of the motion for a new trial, and said motion consists of a number of grounds, an appellate court will consider only such grounds as are argued.

6. Where there is evidence to support the verdict, it will not be disturbed or set aside by an appellate court, as being against the evidence, where its propriety depends entirely upon the credibility of conflicting witnesses.

This case was decided by Division A.

Writ of Error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the Court.

*E. L. Graves* and *Ellis F. Davis*, for Plaintiff in Error.

*W. H. Ellis*, Attorney-General, for the State.

SHACKLEFORD, C. J. The plaintiff in error was indicted, tried and convicted for the crime of rape at a special term of the Circuit Court for Jackson county held in the month of April, 1905. He was sentenced to death and from this judgment and sentence seeks relief here by writ of error.

Three errors are assigned, but the second is expressly abandoned, which leaves for consideration only the first and third.

The first assignment is based upon the denial of the motion of the defendant for a new trial. We shall first consider the third assignment, which is as follows: "The

court erred in refusing to grant motion of defendant to try experiment in the presence of the jury in a dark room with the gun offered in evidence to see whether the flash of the gun would make sufficient light to permit a person to recognize, as testified to by the prosecutrix."

The bill of exceptions discloses that both the prosecuting witness and her mother testified that the crime was committed in the bed-room occupied by them, about eleven o'clock at night, after both witnesses had gone to bed; that the person committing the crime fired a gun while in the room, which sounded like a pistol. The prosecutrix testified that by the flash made by the firing of the gun she saw the features of the man in the room and recognized him as the defendant, while the mother testified that the flash made sufficient light for her to tell a black man from a white man, but she was not looking at him at the time the gun fired and did not see his face, though she heard his voice and from that recognized him as the defendant. Both witnesses testified that it was a dark night, that the moon was not shining and there were no stars, and that there was no light burning in the room. A gun was also introduced in evidence and identified as having been found in the defendant's house the morning after the crime was committed.

The counsel for the defendant requested "that the jury here be taken into a dark room and that a shot be placed in this gun (the gun introduced in evidence) and the gun taken in there and fired in a dark room so that we can see if when you fire this gun if you would be able to tell who anybody was by the flash of the gun as has been testified to here by witness upon this stand. We desire that some body well known to the jury but who they do not know who it is go in the room and shoot the gun and see if the

jury can ascertain by the flash of the gun there in that dark room who was the person that fired the gun off in there."

This was objected to by the State upon the ground that it had not been shown that the proposed experiment would take place under the same or similar conditions that existed on the night the crime was committed, when the gun was discharged, which objection was sustained by the court, to which ruling an exception was duly noted.

Thereupon the defendant introduced certain testimony, which we deem it unnecessary to set forth, in the attempt to show that the proposed experiment would be performed under the same or similar conditions, at the close of which the defendant renewed his motion. The State again objected upon the same ground, which objection was sustained and an exception duly noted to the ruling.

As was said by this court in Lawrence v. State, 45 Fla. 42, 34 South. Rep. 87, "Evidence of an experiment whereby to test the truth of testimony that a certain thing occurred is not admissible where the conditions attending the alleged occurrence and the experiment are not shown to be similar."

As to whether or not such similarity of circumstances and conditions has been made to appear is a preliminary question for the court to determine. 12 Amer. & Eng. Ency. Law (2nd ed.) 400, 409.

It is also within the judicial discretion of the trial court whether to permit experiments relevant to the issue to be made before the jury during the trial, or to refuse to permit them, and an appellate court should decline to interfere with the ruling, unless an abuse of this judicial discretion is clearly made to appear. See Leonard v. Southern Pac. Co,. 21 Oregon 555, 28 Pac. Rep. 887, S. C.

15 L. R. A. 221, and note; City of Ord v. Nash, 50 Neb. 335, 69 N. W. Rep. 964; Homan v. Franklin County, 98 Iowa 692, 68 N. W. Rep. 559; People v. Levine, 85 Cal. 39, 22 Pac. Rep. 969; 24 Pac. Rep. 631; Ball v. United States, 168 U. S. 662, 16 Sup. Ct. Rep. 1192; Abbott's Trial Brief, Criminal Causes (2nd ed.) 202, 203, and cases cited in notes; 1 Thompson on Trials, Section 620.

It would seem that the decisions are not inclined to favor the making of experiments by or in the presence of the jurors. As was cogently said by MILLER, C. J., in Chicago, St. Louis & Pittsburg R. Co. v. Champion, (Ind.) 32 N. E. Rep. 874, S. C. 23, L. R. A., 861, "Evidence of this kind should be received with caution, and only be admitted where it is obvious to the court, from the nature of the experiments, that the jury will be enlightened, rather than confused. In many instances, a slight change in the conditions under which the experiment is made will so distort the result as to wholly destroy its value as evidence, and make it harmful rather than helpful." This case was not officially reported but on rehearing was transferred to the appellate court, where a different opinion was rendered by DAVIS, C. J. See 9 Ind. App. 510. After using the cautionary language quoted above it was held by MILLER, C. J., that the experiment proposed in the case should have been admitted, but in the opinion prepared by DAVIS, C. J., *supra,* it was held that "there was no error in the ruling of the trial court in excluding the evidence, because of the failure to show, or offer to show, that the test or experiment was made under substantially the same conditions as existed at the time the injury occurred." The following authorities will also prove instructive: The Lake Erie & Western R. Co. v. Mugg, Admr., 132 Ind. 168, 31 N. E. Rep. 564; Thrawley v. State, 153 Ind. 375, 55 N. E. Rep. 95; Commonwealth

v. Piper, 120 Mass. 185, text 190; State v. Justus, 11 Oreg. 178, 8 Pac. Rep. 337, S. C. 50 Amer. Rep. 470; 1 Wigmore's Evidence, Sections 442, 451.

It will readily be seen from an examination of these authorities how difficult in many cases it would be for the court to be certain, or even reasonably so, that the circumstances and conditions under which the proposed experiment was to be tried were precisely or substantially the same or similar. In the case at bar it was well urged by the State that the eye-sight of different persons widely varies, that it was not shown how the gun was loaded, on the night the crime was committed, with a long or short cartridge, with bullets or shot, how many grains of powder were used, &c. Other matters will readily suggest themselves to the mind as points of difference.

In the light of these authorities, we are of the opinion that no error was committed in sustaining the objections of the State to the introduction of this evidence.

The only question now remaining for our consideration is the first assignment based upon the denial of the motion for a new trial. This motion contains eight grounds, but only two of them are argued here, that the verdict of the jury is not supported by the evidence, and that the court erred in refusing the defendant's motion to experiment with the gun in the jury's presence. As we said in McNish v. State, 47 Fla. 69, 36 South. Rep. 176, "Where one of the errors assigned is based upon the overruling of the motion for a new trial, and said motion consists of a number of grounds, an appellate court will consider only such grounds as are argued." We have already considered and disposed of the assignment based upon the refusal of the court to permit the experiment with the gun. We now come to the question of the sufficiency of the evidence to warrant a conviction. We have

given all the evidence our most careful consideration and are forced to the conclusion that there was ample evidence to warrant the jury in finding the defendant guilty. This finding of the jury was concurred in by the trial judge, and we must refuse to disturb it. McNish v. State, *supra;* Browning v. State, 41 Fla. 271, 26 South. Rep. 639, and numerous authorities there cited.

It would be fruitless to set forth the details of this horrible crime.

The judgment must be affirmed and it is so ordered; the costs of this appellate proceeding to be taxed against the county of Jackson.

COCKRELL and WHITFIELD, JJ., concur.

TAYLOR and HOCKER, JJ., concur in the opinion.

PARKHILL, J., disqualified.