STATE OF NEW JERSEY v. ABRAHAM E. HARRIS.

Decided November 8, 1923.

**Crimes—Burning Buildings—Refusal of Motion to Quash—Testimony Regarding Value of Property Destroyed—Admitting in Evidence, Insurance Policies—Admission of Inventory—Exclusion from Jury of Experiments.**

On error to the Essex Quarter Sessions.

For the defendant, *Robert H. McCarter* and *Leber & Ruback*.

For the State, *John O. Bigelow*.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

PER CURIAM.

The defendant was convicted in the Essex Quarter Sessions, upon an indictment which in its first count charged him with setting fire to a certain building in Newark, and the goods and merchandise therein contained with intent to prejudice certain insurance companies. The second count charged him with aiding and abetting in the burning of the building.

The first contention is raised upon a motion to quash, that the indictment was insufficient, in that it was duplicitous. We do not think that question is properly before us. The refusal of the motion to quash cannot be reviewed on an assignment of error, since it is discretionary with the trial court; nor can it be reviewed under the one hundred and thirty-sixth section, since it precedes the trial itself, and is not a part thereof. It is argued, however, that it is reviewable because of the failure of the trial court to charge the following request: "There should be a verdict for the defendant on the second count for each and all of the reasons given on the motion to quash the indictment." We do not think this request was proper in form or in substance, since it fails to state the grounds upon which the direction of a verdict should be rested.

The court is under no obligation to go back in a search for proceedings antedating the trial to ascertain what took place at that time; nor is the court assumed to recall accurately matters which occurred in the past, unless presented in reasonably accurate and substantial form as a basis for its recollection. We think, however, the criticism on the indictment in this respect is insubstantial and without merit.

The next point is a criticism upon the court's action in allowing the prosecutor of the pleas to examine the state's witness Gilpatrick, for the purpose of showing that his testimony varied from a precedent statement made to the prosecutor. This ruling was competent under *State* v. *D'Adame,* 84 *N. J. L.* 386.

It is also urged that the court committed legal error in refusing to strike out certain testimony concerning the value of the machinery at the plant of the Harris Company, of which the defendant was president. The court properly refused the motion, as it came too late. Under our decided cases the objection should have been to the testimony when it was offered. *State* v. *D'Adame, supra.* And a similar response applies to the motion to strike out the testimony of the witness Rosenstock.

It is insisted that the court committed legal error in receiving in evidence twelve fire insurance policies, covering the stock of the Harris Company. The point of this contention is that there was no proof at that time that the defendant was in anywise connected with the Harris Company. This objection loses its relevancy, since defendant himself afterward, on the witness-stand, testified that he was the president of the company. That admission made the policies admissible in evidence (*State* v. *Genz*, 59 *N. J. L.* 495), and the action of the trial court became thereby harmless.

It is insisted that there should have been a direction of a verdict in favor of the defendant, because of lack of proof. We think there was proof sufficient to go to the jury and that defendant's guilt or innocence under the testimony was not a court question.

It is insisted that the court erred in refusing to admit an inventory made by a man named Fisher. The difficulty with its admission was that the inventory was made some little time after the fire, and it was shown that it embraced goods not in the factory at the time of the fire.

The attempt on the part of the defendant to show in court by the witness Johnson the result of an experiment with a lighted candle, and by the witness Albach to show the result of an experiment out of court with a spool floating in gasolene, or other fluid, was properly excluded, since there was no proof that the conditions surrounding the experiments were similar to those that existed when the fire in question was discovered, by the public officials, who testified upon the subject. To warrant the admission of such experimental testimony it must appear that the conditions and circumstances are similar to those shown actually to have existed in the case. *Commonwealth* v. *Piper*, 120 *Mass.* 185; *Kinney* v. *Folkerts*, 84 *Mich.* 618; *Leonard* v. *Southern Pacific R. R. Co.*, 21 *Oreg.* 555; *Chicago, &c., R. R.* v. *Champion*, 9 *Ind. App.* 510; *Spires* v. *State*, 50 *Fla.* 121; 10 *R. C. L.* 1002, and cases cited.

In any event it is within the judicial discretion of a trial court to permit experiments relevant to the issue to be made before a jury during a trial. Permission to perform such

experiments cannot be demanded as a matter of right; nor in the absence of an abuse of discretion is it the subject of review upon error. *Langdon Creasy Co. v. Rouse*, 139 *Ky.* 647; *S. C., Ann,* 1912, *B.* 292, and notes; 10 *R. C. L.* 1000, and cases.

The same rule is applicable to experiments made out of the presence of the court. *Gambrill v. Schooley*, 95 *Md.* 260; *Boston Hose Co.* v. *Kendall*, 178 *Mass.* 232; 10 *R. C. L.* 1000, and cases.

Our examination of the remaining objections urged satisfies us that they are insubstantial. Our examination of the defendant's request to charge, together with the charge of the trial court, satisfies us that the legal substance of the requests was substantially contained in the charge, where they were legally relevant.

The judgment of conviction will therefore be affirmed.