115 N.J. Super. 151 (1971)
278 A.2d 511
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WILLIE GEAR, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 7, 1971.
Decided June 14, 1971.
*152 Before Judges GOLDMANN, LEONARD and FRITZ.
Mr. David L. Horuvitz argued the cause for appellant (Mr. Sheldon C. Schulman, on the brief).
Mr. Gerard J. DiNicola, Salem County Prosecutor, argued the cause for respondent.
PER CURIAM.
Defendant was indicted for possession of lottery slips (N.J.S.A. 2A:121-3), found guilty by a jury and sentenced to a State Prison term of 1-2 years and fined $1,000. The appeal was filed and bail continued immediately after sentence was pronounced.
The single argument advanced is that it was error to permit Detective McManus, who participated in defendant's apprehension *153 and arrest, to testify as to tests he had made with water-soluble paper before trial and to perform a demonstration with such paper in the presence of the jury. The basis of this argument is that the witness could not say whether the paper he used was similar to that allegedly used by defendant.
Detective Becker testified that when he approached the car defendant had been driving and in which he sat, the doors were locked. After Becker had identified himself defendant reached for a water-filled plastic container on the floor of the car and immersed some papers he had, on which figures were written, in the water. Becker testified that the figures he saw were consistent with numbers play. He took defendant into an adjacent house where, after briefly talking with Detective McManus, all three returned to the car.
McManus testified he picked up the container, removed the lid and saw papers that were disintegrating. However, they were still intact enough for him to identify them as representing numbers play. McManus said he attempted to remove the papers but found they became like paste to the touch. He then tried to pour the papers into his hand, but they continued to break up.
At this point in the trial the prosecution requested permission to conduct a test, using water-soluble paper with numbers written on it, the purpose being to show the ultimate result when the paper was placed in water. The defense objected and the jury was excused while the objection was argued. Essentially, defense counsel contended that the State would have to show that the paper being used was identical to the paper found in the container  the same argument advanced here. The obvious reply on the prosecution was that since the paper was self-destructing, it was impossible to determine its manufacturer or particular quality, and so the State should be allowed to use a water-soluble paper that previous tests had shown would react in identical fashion to the paper originally placed in the container by defendant at the time of the arrest.
*154 McManus was then permitted to testify before the jury that he had seen water-soluble paper demonstrated before and had made tests in his office to determine just what happened with such paper. In every case the results were the same as when he tried to recover the paper from the container at the scene of the arrest: the paper would break up in his hand, flake, become sticky and pasty, and disintegrate completely when he attempted to remove it. After a brief cross-examination the judge ruled that he would allow the demonstration to proceed, whereupon McManus left the stand and placed water-soluble paper, on which numbers had been written, into a jar filled with water. The jury then filed past the jar to see what happened. Some 2 1/2 minutes after placing the paper in the jar McManus tried to remove the paper and it dissolved in his hand. The 2 1/2 minutes approximated the time Becker testified it took to bring McManus to the car.
McManus was not presented as an expert witness, nor did he attempt to give expert testimony. The only purpose of his testimony and demonstration was to show, as the prosecution stated, that "there exists a paper that will dissolve when placed in water." For this there was no need of testimony as to the exact ingredients and chemical composition of the paper defendant had tested or that used in the demonstration. The demonstration was obviously for the purpose of being helpful to a clear understanding of the detective's testimony. See Evidence Rule 56. McManus had said that defendant possessed lottery slips on water-soluble paper. By showing the jury the use of such paper he fulfilled the requirement that the demonstration must be substantially the same as that described in his testimony. 2 Wharton, Criminal Evidence (12 ed. 1955), § 684 at 645. See, generally, 2 Underhill, Criminal Evidence (5 ed. 1956), § 517; 29 Am. Jur.2d, Evidence, § 818 at 908; Annotation, 76 A.L.R.2d 354 (1961).
A demonstration of the type here under attack lies in judicial discretion and may be justified because it tends *155 to enlighten the jury on an important point. State v. Foulds, 127 N.J.L. 336, 343-344 (E. & A. 1941). As the court there said, "caution and prudence should govern in each instance, depending upon the circumstances and the character of the demonstration. It is impossible to lay down a formula that will govern in every case." Cf. State v. Harris, 1 N.J. Misc. 526, 528 (Sup. Ct. 1923), aff'd 100 N.J.L. 184 (E. & A. 1924). The testimony and demonstration in the present case were necessary and proper in order to corroborate what the detectives said had happened to the papers defendant placed in the container of water when he was apprehended.
Affirmed.